THE STATE, EX REL. REED, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as State, ex rel. Reed, v. Industrial Comm., 8 Ohio App. 2d 121.]

(No. 7355—Decided February 11, 1964.)

*Messrs. Fullerton & Shimp* and *Mr. William Shimp,* for appellee.

*Mr. William B. Saxbe,* attorney general, *Mr. Pierce E. Cunningham* and *Mr. Robert M. Duncan,* for appellant.

TROOP, J. Relator, Robert E. Reed, was injured while in the course of his employment on June 26, 1959. His employer, Robert Sweigart, had entered into a contract with S. J. Rudy & Son for the repair of the walls of some silo-type grain storage bins located on the premises of the grain company in Covington, Ohio. In the course of the work done in the performance of the contract, the relator, and at least one other of his fellow workmen, used a "manlift" installed in a shaft between two silo structures. The lift was power-driven and was used by the men to reach the top of the silos.

Swinging stage-type scaffolds, suspended from the top of the silos, were used to do the repair work. It appears that at least at the end of a day's work relator and another workman used the lift to reach the top of the silos in order to make their equipment secure for the night. On the day of the injury relator, Reed, and fellow-workman, McClinch, used the lift, or elevator, for that purpose. Close to the end of the rise Reed looked over the back of the cage and caught his head between the cage and the edge of the shaftway and suffered the injury which is the basis of the case before us.

Relator was allowed compensation and medical bills. He then filed a claim for an additional award, claiming that his injuries were caused because his employer violated a specific safety regulation. Upon hearing and motion for rehearing, the Industrial Commission denied the application for the additional award. Following the decision of the commission denying the motion for a rehearing, the relator commenced an action in mandamus in the Court of Common Pleas of Franklin County. The trial court found that the relator was entitled to a writ of mandamus and in accordance with that finding ordered that a writ issue requiring the Industrial Commission to make the additional award as prayed for and as authorized by Section 4121.131, Revised Code. It is from that judgment and final order that this appeal is taken by the Industrial Commission.

Relator alleges in his petition that the Industrial Commission was arbitrary, unreasonable, and misused its discretion in denying his claim for an additional award. Further, it is claimed that the finding of the commission was contrary to law. In denying the claim the commission concludes, as follows:

"* * * for the reason that proof of record shows that the

claimant's injuries were not caused by the employer's violation of any specific safety requirement.''

Additional awards, such as is sought by relator herein, are predicated upon a provision in the Constitution of the state of Ohio. The applicable portion of Section 35, Article II, reads as follows:

'' * * * Such board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employes, enacted by the General Assembly or in the form of an order adopted by such board, and its decision shall be final * * *.''

The basic issue in the case here for review is drawn from the allegation contained in the petition of the relator, Robert E. Reed, that his employer, Robert L. Sweigart, violated a specific safety requirement and the answer of the respondent, Industrial Commission of Ohio, asserting that the injuries suffered by relator were not the result of a violation of a specific requirement by his employer. Only one assignment of error appears in the brief of the appellant, respondent in the trial court. In effect, the Attorney General maintains that the trial court erred because, as a matter of law, relator's employer, Sweigart, can not be held responsible because the violation was chargeable not to Sweigart but to the owner of the premises on which the silos and elevator were situated, S. J. Rudy & Son.

Nowhere in the record before this court is there any denial that there was a violation of a safety requirement with respect to the lift, or elevator, used by the relator. It is noted that the only facts before the trial court came from a stipulation into evidence of the report of the investigator for the Industrial Commission. The court does not refer to a consideration of the report in its entry although counsel for the relator mentions in his brief in the trial court that counsel stipulated that the report might be used to show the facts surrounding the injury. We assume that the report was stipulated. It, however, does not say positively that there was a violation. Only an inference appears that arises from the negative proposition that the injury to the claimant was not the result of his employer's failure to comply with the sections of Bulletin No. 110.

We assume that there was a violation of the commission's specific safety requirements for elevators contained in Bulletin No. 110. The single question left to be resolved is whether the violation is chargeable to relator's employer, Sweigart, or to the owner of the silos and elevator, S. J. Rudy & Son.

Counsel for both parties address themselves in their briefs to the language in the constitutional provision which says that in the additional awards situations the decision of the "board" (commission) shall be final. A series of decisions reiterate the accepted rule. Briefly put, the rule is that in the determination of the fact that an injury did or did not result from a failure to comply with a specific safety regulation the decision is final. The corollary rule is that to upset such a decision in an action in mandamus it must be established that the decision was an abuse of discretion on the part of the commission. See *Slatmeyer* v. *Industrial Commission* (1926), 115 Ohio St. 654, and *State* v. *Ohio Stove Co.* (1950), 154 Ohio St. 27.

Relator alleges in his petition that the decision of the commission relative to his application for an additional award was an "arbitrary, unreasonable, misuse of discretion," and thereby attempts to come within the purview of the corollary rule. There is no reason to decide the question of abuse of discretion in the instant case. The finding of the commission "that the claimant's injuries were not caused by the employer's violation" is in a sense a finding of fact, but the decision completely avoids answering the question of law presented by the fact pattern as it appears in the report of the investigator. That question as the trial court put it is whether Reed's employer, Sweigart, can be held responsible in this case:

" * * * for the violation of this safety requirement by the owner of the elevator, which he and his employees were using in the performance of their contract with the owner of the elevator."

No case involving the precise problem presented in the instant case has been cited by counsel or discovered in research. Even the Wisconsin case cited by the Attorney General only approximates this pattern. Our problem is further complicated by the rather flat-footed conclusions of the trial court. With his conclusion that there was a violation of a specific safety re-

quircment there is no quarrel. The general statutory requirements that a safe place to work must be provided are not involved. It is a violation of specific safety requirements for elevators that gives rise to the issue. These points seem clear as set out by the trial court. Our problem is complicated by two of the observations of the court, as follows:

"Here the subcontractor was actually using a defective elevator and was having his employees use it also, and in the opinion of this court was violating the regulations of the commission made to protect employees.

"It was not the ownership that was material but the use, and if an employer indulges the use of an elevator which does not meet the requirements of the commission, and the defect results in injury, the employer should be held liable."

It is clear that the suggestion made by the trial court that we have here a general contractor-subcontractor pattern is in error. Section 4123.01 (A) (2) (second paragraph), Revised Code, is not applicable nor controlling although the case of *State, ex rel. Whitman,* v. *Industrial Commission* (1936), 131 Ohio St. 375, involving that statute has been mentioned in briefs and argument. An examination of the tenor of the syllabus, however, is significant. It reads as follows:

"Article II, Section 35, of our state Constitution authorizes the imposition of an additional award only upon an employer who has failed to comply with a specific requirement. The language and spirit of the constitutional provision, properly construed, authorize such imposition only upon that employer whose failure to comply caused death or injury to his employee."

It is noted that the syllabus says "only upon an employer who has failed to comply" and again "only upon that employer whose failure to comply" produced the injury.

That the constitutional provision authorizing an additional award should be strictly construed is emphasized by the expression of opinion by the Supreme Court that such an award is in the nature of a penalty. In the *Stove Company case, supra,* at page 37, the court distinguishes the benefits that relator has already received as compensatory and then says that the additional award, as sought in the instant case, " 'is in the nature of a penalty upon the employer.' "

The court in its decision in *State, ex rel. Carr,* v. *Industrial Commission* (1935), 130 Ohio St. 185, adds as a facet to the penalty idea when, at page 188, it speaks as follows:

"Another distinction between the ordinary award and the additional award authorized for violation of a specific requirement is that the former is paid out of the fund while the latter must be paid by the employer. * * * "

. To point out that the view taken by the Supreme Court in the decisions noted, that it is *the* employer who is penalized for *his* violation of a specific requirement, would seem to climax the direction taken in our thinking. It seems to permit the conclusion that an employer who had nothing to do with the violation cannot be the subject of a penalty in the form of an additional award. We would quickly so conclude but for the turn taken by the trial judge in the second quotation from his decision. He says that it is not ownership that is material but the use, and then he says:

"* * * if an employer indulges the use of an elevator which does not meet the requirements * * * the employer should be held liable."

Such a proposition presumes that the employer had knowledge that the elevator was in violation based upon an acquaintance with Bulletin No. 110. Elevator owners should know Bulletin No. 110, but it is manifestly unjust to assume that the observation and use of the lift over a period of one and one-half weeks must produce that knowledge. The only evidence before the trial court suggests that the use of the lift by Sweigart's employees was "more or less understood." It may be that it can be said that the employer "indulges the use" but nowhere does the stipulation show that Sweigart had a right to use, or was obliged to use, the elevator by virtue of his contract with S. J. Rudy & Son, that his employees were required to use it, that there was no other method of ascent to the top of the silos, or that the men were directed in its use. The employer, Sweigart, in no sense supplied or controlled the lift and had no responsibility for its maintenance, repair or replacement.

The elevator was owned and operated by S. J. Rudy & Son and had been on the premises for better than twenty years. They are alone chargeable with the violation of the specific re-

quirement. Constitutional and statutory requirements prescribe the duty of S. J. Rudy & Son to their own employees. To the employees of the contractor repairing the storage bins used in the operation of their given business, situated on their premises, they would owe a common law duty.

Section 35, Article II of the Ohio Constitution, providing for the additional award sought by relator herein speaks of "the" employer who violates a specific requirement. That concept may not be enlarged to include the employer in the instant case by saying that as to this violation he "indulges the use" of the elevator which is in violation, when there is nothing to show that he furnished, demanded the use of, or controlled the offending lift or even knew that there was a violation of a specific safety requirement.

The judgment of the trial court was in error in granting the writ prayed for and is therefore reversed and the order to issue the writ directing the Industrial Commission to make an additional award is set aside and held for naught.

*Judgment reversed.*

BRYANT, J. (Presiding), and DUFFEY, J., concur.