The State, ex rel. Capital City Excavating Co., Inc., Appellant, *v.* Industrial Commission of Ohio, Appellee, et al.

(No. 77-978—Decided May 3, 1978.)

*Messrs. Wilcox, Schlosser & Mirras* and *Mr. Jacob A. Schlosser*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. John F. Livorno*, for appellee.

WILLIAM B. BROWN, J. The main issue raised by the instant cause is whether mandamus should lie to vacate the order of the Industrial Commission either because Rule IC-3-05.03(A)(5) of the Industrial Commission is not a specific safety requirement pursuant to Section 35 of Article II of the Ohio Constitution[1] or because the commission abused its discretion when it made the specific safety requirement violation award.

## I.

Under the workers' compensation scheme, an employee who has been injured because his employer has violated a specific safety requirement is eligible for additional compensation from that employer. Therefore, it is important that such safety requirements be "of a character plainly to apprize an employer of his legal obligation toward his employees." *State, ex rel. Trydle,* v. *Indus. Comm.* (1972), 32 Ohio St. 2d 257, paragraph one of the syllabus; *State, ex rel. Holdosh,* v. *Indus. Comm.* (1948),

---

[1]Section 35 of Article II of the Constitution of Ohio provides, in relevant part:

"* * * Laws may be passed establishing a board [now the Industrial Commission of Ohio] which may be empowered to classify all occupations, according to their degree of hazard, to fix rates of contribution to such [a state Workers' Compensation] fund * * * and to determine all rights of claimants thereto. * * * Such board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employes, enacted by the General Assembly or in the form of an order adopted by such board * * *. When it is found, upon hearing, that an injury, disease or death resulted because of such failure by the employer, such amount as shall be found to be just * * * shall be added by the board, to the amount of the compensation that may be awarded on account of such injury, disease or death, and paid in like manner as other awards; * * * ."

149 Ohio St. 179; see, also, *State, ex rel. Rae,* v. *Indus. Comm.* (1939), 136 Ohio St. 168, 173; *State, ex rel. Davidson,* v. *Blake* (1945), 145 Ohio St. 102, 105. For that reason Section 35, Article II of the Ohio Constitution requires that safety regulations be specific, and this court has held that, in order to be constitutionally specific, a regulation must demand that some "particular and definite" act or thing be done. *State, ex rel. Holdosh,* v. *Indus. Comm., supra,* at pages 181-182.

The regulation at issue in the instant cause *makes such demands.* IC-3-05.03(A)(5) provides, in pertinent part:

"*When it is necessary* to move or operate derricks, cranes, or any other type of hoisting apparatus or construction equipment within twelve (12) feet of an electrical conductor carrying 110 volts or more, the employer *shall*:

"(a) Arrange * * * *to deenergize* the conductor(s) or,

"(b) Arrange * * * *to move* the conductor(s) or,

"(c) Arrange * * * *to guard* the conductor(s) * * * or,

"(d) *Install* an insulated type guard about the boom or arm of the equipment * * *." (Emphasis added.)

The language of IC-3-05.03(A)(5) is mandatory—the employer *shall* take certain steps once it is necessary to work within 12 feet of a conductor—, and it is definite—the employer must *deenergize, move* or *guard* the conductor or *guard* his own equipment.

Appellant argues that IC-3-05.03(A)(5) is not a specific safety requirement because it is indistinguishable from the requirement held not to be specific in *State, ex rel. Rae,* v. *Indus. Comm., supra* (136 Ohio St. 168).

The rule held to be unconstitutionally general in *Rae, supra,* reads as follows:

"It shall be the duty of the operator to see that all men employed in the tunnel are supplied, at all times, with such timbers, other materials, equipment and supplies *as are necessary* to keep their working places in safe condition * * *." (Emphasis added.)

The instant safety regulation and the *Rae* rule can

be easily distinguished. IC-3-05.03(A)(5) does not state that, *when it is necessary* to work within 12 feet of an electrical conductor, an employer must do *what he finds necessary* to keep the conductor from hurting his employees. Consequently, although both regulations employ the term "necessary," only the *Rae* regulation hinges upon it. (In IC-3-05.03[A][5] the word "necessary" appears only in an introductory clause—"when it is necessary to move * * * equipment * * *"—; it does not follow [and undermine] language setting forth the employer's duties. See, also, *State, ex rel. Fast, v. Indus. Comm.* [1964], 176 Ohio St. 199, and *State, ex rel. Hill, v. Indus. Comm.* [1961], 172 Ohio St. 115, for the proposition that safety rules are not unconstitutionally general merely because they are introduced by phrases such as "whenever practicable" or "when it is necessary.")

Moreover, IC-3-05.03(A)(5) does not leave "the specific thing to be done" or the "method to be employed" to "the judgment of the employers." (*Rae, supra,* at pages 172-173.) The *Rae* regulation allowed the employer to decide *what* precautions to take after his employees were working under hazardous conditions; IC-3-05.03(A)(5) does not. Furthermore, IC-3-05.03(A)(5) does not allow the employer to determine *where* to take precautions. Instead, it specifically defines the dangerous areas as any space within 12 feet of a conductor. Since IC-3-05.03(A)(5) specifically sets forth both the precautions to be taken and the working area in which they are to be taken, the employer's right to exercise his discretion *ends* and his duty to deenergize, move or guard the conductor or guard his equipment *begins* once it becomes necessary for his employees to operate within 12 feet of a conductor in the normal course of their duties.[2] Because IC-3-05.03(A)(5) ulti-

---

[2] In *State, ex rel. Hill, v. Indus. Comm.* (1961), 172 Ohio St. 115, this court dealt with a rule designed to afford protection similar to that afforded by IC-3-05.03(A)(5). The rule at issue in that cause read in part as follows:

"*When it is necessary* to move or operate a shovel or crane or any

mately obligates the employer to take certain detailed safety precautions, it does not give rise to the unchecked exercise of employer discretion which the *Rae* opinion decried, and it is distinguishable from the *Rae* regulation. Since the instant regulation can be distinguished from the *Rae* rule and since it plainly apprizes the employer of his obligation to deenergize, move or guard the conductor or move his own equipment for the safety of his employees, IC-3-05.03(A)(5) does not violate the constitutional mandate that safety regulations be specific.

## II.

Appellant also contends that, even if IC-3-05.03(A)(5) is a valid safety requirement, the commission's grant of the award in effect constituted an abuse of discretion because (1) Green's death was the result of his horseplay and (2) it was not necessary for appellant's employees to come within 12 feet of the electrical wires in the normal course of their duties.

This court will correct factual determinations made by the Industrial Commission only upon a showing of an abuse of discretion. *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15; *State, ex rel. Reed,* v. *Indus. Comm.* (1965), 2 Ohio St. 2d 200; and, "where the record contains evidence which supports the commission's factual findings, this court will not disturb that determina-

---

other type of hoisting apparatus or construction equipment *under or close to electric wires, ample clearance shall be provided, together with such precautions as may be necessary* to prevent contact between any part of the equipment and the wires." (Emphasis added.)

In dealing with the regulation the *Hill* court stated, at page 116:

"The section is not specific. It provides that 'ample clearance shall be provided' with a recommendation that a ten-foot clearance *should* be maintained. It does not specifically provide that a ten-foot clearance is ample or that there *shall* be a ten-foot clearance. The section provides further, 'together with such precautions as *may* be necessary,' without naming or suggesting what those precautions are or *may* be."

The *Hill* court found the above safety rule to be general because the rule failed to inform the employer what precautions to take. *Nowhere* in the opinion did the court object to the fact that the rule was prefaced by the phrase "when it is necessary."

tion," *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, 283.

The record in the instant cause contains such evidence. The commission's finding that the deceased was electrocuted in the course of his employment (and not while he swung out on the boom in horseplay) is supported by eyewitness testimony that the *crane operator* swung the boom southward (in the direction of the wires) immediately before the accident. Its finding that IC-3-05.03(A)(5) was violated (and, therefore, that it was necessary to work within 12 feet of the high power wires) is corroborated by testimony that appellant inquired about turning the power off, by evidence that the wires were within the radius of the crane's boom and by evidence that, if the boom were swung full circle while it was placed at an angle convenient for working, it would come within 12 feet of the wires. We, therefore, find that the Industrial Commission did not abuse its discretion when it determined that appellant violated IC-3-05.03(A)(5).

In order to be entitled to a writ of mandamus, a relator must demonstrate that he has a clear legal right to the relief prayed for. See *State, ex rel. Long,* v. *Bettman* (1970), 24 Ohio St. 2d 16, 17; Since IC-3-05.03(A)(5) is constitutional, and the commission did not abuse its discretion when it determined that the specific safety requirement had been violated, relator has no clear legal right to have the commission's specific safety requirement award vacated. We, therefore, hold that the writ should be denied. The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.