THE STATE, EX REL. BRILLIANT ELECTRIC SIGN COMPANY,
APPELLANT, v. INDUSTRIAL COMMISSION OF OHIO ET AL.,
APPELLEES.

[Cite as State, ex rel. Brilliant Electric Sign Co., v. Indus.
Comm. (1979), 57 Ohio St. 2d 51.]

(No. 78-740—Decided March 14, 1979.)

*Mr. William M. Goldstein,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Michael J. Hickey* and *Mr. William Naperstick,* for appellee.

*Messrs. Fontana, Ward & Kaps* and *Mr. William J. Melvin,* for appellee claimant.


*Per Curiam.* The sole issue raised by the instant cause is whether the Industrial Commission misconstrued Rule IC-3-05.03 (A) (5) so as to violate the command of Section 35 of Article II of the Ohio Constitution* that safety requirements be specific.

Rule IC-3-05.03(A)(5) provides in pertinent part:

"When it is *necessary* to move or operate derricks, cranes, or any other type of hoisting apparatus or construction equipment within twelve (12) feet of an electrical conductor carrying 110 volts or more, the employer shall:

---

*Section 35 of Article II of the Constitution of Ohio, in relevant part, provides:

"* * * Laws may be passed establishing a board [now the Industrial Commission of Ohio] which may be empowered to classify all occupations, according to their degree of hazard, to fix rates of contribution to such [a state Workers' Compensation] fund * * * and to determine all rights of claimants thereto. * * * Such board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for protection of the lives, health or safety of employes, enacted by the General Assembly or in the form of an order adopted by such board, and its decision shall be final; * * *. When it is found, upon hearing, that an injury, disease or death resulted because of such failure by the employer, such amount as shall be found to be just, not greater than fifty nor less than fifteen per centum of the maximum award established by law, shall be added by the board, to the amount of the compensation that may be awarded on account of such injury, disease or death, and paid in like manner as other awards; * * *."

"(a) Arrange * * * to deenergize the conductor(s) or,
"(b) Arrange * * * to move the conductor(s) or, ··
"(c) Arrange * * * to guard the conductor(s) * ·* * or,
"(d) Install an insulated type guard about the boom or arm of the equipment * * *." (Emphasis added.)

In *State, ex rel. Capital City Excavating Co., v. Indus. Comm.* (1978), 54 Ohio St. 2d 184, 187, this court held that this safety requirement satisfies the constitutional mandate of specificity because "the employer's right to exercise his discretion *ends* and his duty to deenergize, move or guard the conductor or guard his equipment *begins once it becomes necessary* for his employees to operate within 12 feet of a conductor in the normal course of their duties." (Emphasis added in part.)

In the proceedings below the Industrial Commission found that, inasmuch as the boom did in fact come in contact with high voltage lines, appellant had violated rule IC-3-05.03(A)(5). There was no evidence that, in order to successfully erect and clean the sign, the boom would be required to come within 12 feet of the electrical lines, or that it was even likely to enter that 12 foot zone. On the contrary, the Court of Appeals admitted that "in all probability, the job could have been accomplished without the boom entering the 12 foot zone if the crane operator had been careful." Thus it appears that appellee adopted a result-oriented approach in its determination that Rule IC-3-05.03 (A)(5) was violated by appellant. The Court of Appeals sanctioned this approach when it stated that "the proper interpretation of necessary, 'is that when crane operation in fact comes within twelve feet of an electrical line, appropriate protection must be utilized * * *' " (citing *State, ex rel. Capital City Excavating Co., v. Indus, Comm.* [Franklin Co. Ct. App., July 26, 1977, No. 77AP-10], unreported, affirmed 54 Ohio St. 2d 184 [1978]). We disagree with this interpretation of the safety requirement, and to the extent that our opinion in *Capital City Excavating* may be construed to approve of that approach, it will no longer be followed.

This court has repeatedly held that, in order for safety regulations to comply with the constitutional requirement of specificity they must be "of a character plainly to apprise an employer of his legal obligation toward his employees." *State, ex rel. Trydle,* v. *Indus. Comm.* (1972), 32 Ohio St. 2d 257, paragraph one of the syllabus; *State, ex rel. Holdosh,* v. *Indus. Comm.* (1948), 149 Ohio St. 179, 182. The safety requirement must be such as to "forewarn the employer and establish a standard which he may follow." *State, ex rel. Rae,* v. *Indus. Comm.* (1939), 136 Ohio St. 168, 173. The result-oriented approach used by appellee does not satisfy this constitutional standard. This method of applying the safety requirement is based solely on hindsight, and, as such, does not apprise or forewarn an employer of his legal obligation. Appellee's interpretation of Rule IC-3-05.03(A)(5) in effect converts the word "necessary" into "remotely conceivable."

There is testimony in the record that, considering the telescopic and rotating capabilities of the boom, it could be brought within the 12 foot zone through misjudgment or accidental occurrence while working on a job site over 200 feet away. Considering the frequency in which a crane is likely to come within 200 feet of power lines and the impracticality of instituting the other alternatives stated in the rule in each such situation, the only feasible way for an employer to comply with appellee's interpretation of IC-3-05.03(A)(5) is to "install an insulated type guard about * * * [each of its] boom[s]." If the Industrial Commission desires to require this type of safety device on all cranes it should plainly so state. This court will not distort the plain meaning of the word "necessary" to accomplish that result.

"In construing statutes, it is customary to give words their plain ordinary meaning unless the legislative body has clearly expressed a contrary intention." *Youngstown Club* v. *Porterfield* (1970), 21 Ohio St. 2d 83, 86. This maxim applies equally to administrative regulations. The Oxford English Distionary defines "necessary" as "indis-

pensable, requisite, essential, needful; that cannot be done without." We believe that by applying this definition to rule IC-3-05.03(A)(5), the employer is given an objective standard to follow and the employee is provided with reasonable safety.

Applying the safety requirement, as properly construed, to the facts of this cause, it is evident that appellee abused its discretion in granting the additional award. There is no evidence that it was "necessary" for the boom to come within 12 feet of the electrical lines. Thus, the judgment of the Court of Appeals is reversed, and the writ of mandamus allowed.

*Judgment reversed and writ allowed.*

CELEBREZZE, C. J., HERBERT, P. BROWN, SWEENEY and CONNORS, JJ., concur.

W. BROWN, J., concurs in the judgment only.

CONNORS, J., of the Sixth Appellate District, sitting for HOLMES, J.