BUCKEYE STEEL CASTINGS, DIVISION OF BUCKEYE INTERNATIONAL, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

(No. 87AP-1116—
Decided June 9, 1988.)

*Vorys, Sater, Seymour & Pease*
and *Gerald P. Ferguson,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Teresa Oglesby-McIntyre,* for appellee Industrial Commission.

*Carl J. Meyer,* for appellee Reynold L. Lagore.

REILLY, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas.

Respondent, Reynold L. Lagore ("claimant"), was injured in the course of and arising out of his employment with relator Buckeye Steel Castings ("Buckeye Steel"). He filed a claim for workers' compensation benefits which was allowed by the Industrial Commission ("commission") for an injury to the "lower abdomen, both thighs, dorsal ligamentous strain and sprain, both shoulders, both arms," as well as "aggravation of pre-existing traumatic arthritis of the dorsal spine."

Subsequently, claimant filed an application for an additional award for violation of a specific safety requirement. He alleged that his injuries were caused by Buckeye Steel's failure to comply with a specific safety requirement. Specifically, he maintained that Buckeye Steel violated Ohio Adm. Code 4121:1-5-14, which states in pertinent part:

"(D)   Electric jib cranes.

"(1)   The term 'electric jib crane' shall mean a crane designed for lifting or lowering a load within the scope of a horizontal circle spanned by a rotating arm or jib equipped with a stationary or traveling hoist block.

"(2)   Equipment.

"(a)   Holding Brake.

"A hoist holding brake designed to hold the maximum rated load at any point of the lift shall be provided on all jib cranes."

There was a hearing before a commission hearing officer, and it was determined that claimant was entitled to an additional award. Buckeye Steel filed a motion for rehearing which was denied by the commission. The case was submitted to the trial court based upon the record of proceedings before the commission and briefs of the parties. The trial court denied Buckeye Steel's requested writ of mandamus.

Buckeye Steel has appealed, including the following assignment of error:

"The Industrial Commission abused its discretion in finding a violation of a specific safety requirement under the facts and circumstances, as the safety requirement was not applicable to the equipment at issue."

The evidence indicates that the jib crane did not have a self-engaging brake with which the hoist was initially equipped. Buckeye Steel does not contest that the required brake was missing and, consequently, the seventeen-hundred-pound casting fell on claimant. However, Buckeye Steel maintains that Ohio Adm. Code 4121:1-5-14 (D) does not apply to pneumatic jib cranes such as the one used by claimant.

This was, indeed, a most unfortunate accident to say the least. Nonetheless, the issue involves a specific safety requirement and must be considered within that perspective. Before the commission makes an additional award, a claimant must show that the safety requirement was specific and applicable, that the employer was not in compliance and that such noncompliance caused the injury. If any of these requirements is not met, the employer is not liable for an additional award. *State, ex rel. Whitman,* v. *Indus. Comm.* (1936), 131 Ohio St. 375, 6 O.O. 88, 3 N.E. 2d 52.

Specific safety requirements must be clear and precisely specify the duties required. A regulation which is general will not be construed as a specific safety requirement. *State, ex rel. Brilliant Electric Sign Co.,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 51, 11 O.O. 3d 214, 386 N.E. 2d 1107. The specific safety standard established by Ohio Adm. Code 4121:1-5-14(D) requires that an employer using an electric jib crane must provide it with a hoist brake. Considering the foregoing parameters, the commission's extension of Ohio Adm. Code 4121:1-5-14(D) to include pneumatic jib cranes unlawfully broadened the range of the regulation. Moreover, it did not give Buckeye Steel notice that it was subject to that section.

The Supreme Court in *State, ex rel. Davidson,* v. *Blake* (1945), 145 Ohio St. 102, 30 O.O. 309, 60 N.E. 2d 664, emphasized the significance of precision in interpreting safety requirements. The safety requirement in *Davidson* was Section 16 of the Code of Specific Safety Requirements, designated as "Power Presses — Guarding." The claimant was injured by a hydraulic press. The court stated:

"However, by its express terms this section relates to power presses alone, and the relator is confronted with the inescapable difficulty that the Industrial Commission, basing its conclusion on the evidence to that effect, specifically found as a factual matter that the machine was a hydraulic and not a power machine. * * *" *Id.* at 106, 30 O.O. at 310-311, 60 N.E. 2d at 666.

*State, ex rel. Davidson, supra,* parallels this case. The hearing officer in *Davidson* found that the crane used by claimant was hydraulically, rather than electrically, powered. Hence, the code section could not be construed to involve hydraulic presses. Similarly, in this case, Ohio Adm. Code 4121:1-5-14 (D) cannot properly be extended to encompass pneumatically powered jib cranes. The jib crane is a pneumatic crane and not within the purview of that section. Even if the title "Electric jib cranes" is not part of the rule, the first sentence of Ohio Adm. Code 4121:1-5-14(D)(1) repeats the term "electric jib crane" and, consequently, is unquestionably part of the rule.

Moreover, an additional compensation award for the violation of a specific safety regulation is a penalty to the employer. *State, ex rel. Watson,* v. *Indus. Comm.* (1986), 29 Ohio App. 3d 354, 29 OBR 483, 505 N.E. 2d 1015. Thus, such award must be strictly construed. *State, ex rel. Reed,* v. *Indus. Comm.* (1964), 8 Ohio App. 2d 121, 125, 37 O.O. 2d 118, 121, 220 N.E. 2d 710, 714; *State, ex rel. Whitman, supra.*

For the foregoing reasons, the assignment of error is well-taken and sustained. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

STRAUSBAUGH and MARTIN, JJ., concur.

WILLIAM J. MARTIN, J., of the Carroll County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.