OPINION
This appeal concerns the issue of whether the trial court "substantially complied" with the requirements of R.C. 2943.031 which requires the trial court to advise a non-citizen defendant who pleads guilty or no contest to criminal charges that he may be "deported" as a consequence of his plea.
Veto Mason came to the United States from Liberia in 1992 to attend school. In 1994, at the age of 21, Mason was charged with attempting to steal a Sega game while employed at Meijer's in Fairborn, Ohio. On March 15, 1995, Mason entered a plea of guilty to the charge and was placed on probation by the trial court. His probation was successfully terminated in 1997. On May 2, 2001, Mason moved for leave to vacate his conviction pursuant to R.C. 2943.031 and Crim.R. 32.1 alleging that he was about to be deported by immigration authorities because of his 1995 conviction.
Mason contended that his conviction should be vacated because the trial court failed to comply with the advisement requirements of R.C. 2943.031
and to correct a manifest injustice. Mason stated in his motion that he received his college degree from the University of Cincinnati in December 2000 and he is now married to an American citizen and they were expecting a child in April 2001.
Mason asserted that neither the trial court nor his counsel discussed with him the immigration consequences of his plea. Also he informed the trial court that Congress changed the law in 1996 making him deportable for an offense which was not deportable at the time he entered his guilty plea.
The State filed a memorandum opposing Mason's motion. The State did not dispute that Mason was about to be deported but the State argued that Mason had received the required statutory advisement when he signed a "Petition to enter a guilty plea" just before he entered his plea in open court. The trial court agreed with the State's position and overruled Mason's motion.
Mason argues that since Congress shifted the power of deportation to the state trial courts, it also imposed upon them the responsibility to inform the defendants that their plea will, not may, make them deportable. He also argues that the trial court should have provided him a hearing to demonstrate that his trial counsel did not advise him of the deportation consequences of his plea.
The State argues that the judgment of the trial court should be affirmed because the trial court complied with the provisions of R.C.2943.031(A)(1).
R.C. 2943.031, which was enacted in 1989, reads as follows:
 (A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 "If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement in this division.
(Emphasis added).
R.C. 2943.031(D) provides that the trial court shall set aside a judgment if the trial court fails to give the advisement provided in the statute.
On March 15, 1995, the day Mason entered his guilty plea he signed a form entitled "Petition to enter a plea of guilty." On the form Mason stated he was 22 years of age, had completed 14 years of school, and that he was not able to read and understand the English language. Mason stated he was not a U.S. citizen. The form contained a warning that conviction of the offense of which he was pleading guilty may have the consequence of deportation, exclusion from admission to the United States, or denial of naturalization.
In open court, the court engaged in the following colloquy with Mason:
 THE COURT: Thank you. Please be seated. This is Case No. 94-CR-520, State of Ohio -vs- Vito [sic] Mason. Will counsel enter their appearance on the record, please?
 THE HUNTER: Jeff Hunter on behalf of the State of Ohio.
MR. STUMP: Randall Stump on behalf of the Defendant.
 THE COURT: Mr. Mason, the Court has before it a Petition to Enter a Plea of Guilty in your case which indicates that you are 22 years old and you have completed 14 years of school. Is that correct?
THE DEFENDANT: Yes, sir.
 THE COURT: And the Petition indicates that you are able to read and write and understand English. Is that also true?
THE DEFENDANT: Yes, sir.
 THE COURT: You are represented in your case by Attorney Randall Stump. Are you completely satisfied with the legal services that he has provided you?
THE DEFENDANT: Yes, sir.
 THE COURT: Have you had an opportunity to review with your attorney the Petition to Enter a Plea of Guilty?
THE DEFENDANT: Yes, sir.
 THE COURT: Was there anything that you didn't understand about the Petition?
THE DEFENDANT: No, sir.
 THE COURT: In fact, were you able to understand everything in the Petition?
THE DEFENDANT: Yes, sir.
THE COURT: Are you voluntarily pleading guilty?
THE DEFENDANT: Yes, sir.
 THE COURT: Has anyone coerced you or forced you to plead guilty?
THE DEFENDANT: No, sir.
The Ohio Supreme Court has had occasion to interpret similar "personally address" language in determining whether trial courts meet their responsibilities under Crim.R. 11(C).
In State v. Caudill (1976), 48 Ohio St.2d 342, the Ohio Supreme Court held that the requirements of Crim. R. 11(C) are not satisfied by a written statement by the defendant or by representations of counsel that they had fully advised the defendant of his constitutional rights.
The court noted that the requirements of Crim.R. 11(C) contemplate a dialogue requiring more than a perfunctory response from the defendant. The court noted that both the nature of the offense charged and the apparent limited mental capacity of the 18 year old defendant should have underscored the importance of a meticulous adherence to the provisions of Crim. R. 11(C).
In State v. Billips (1979), 57 Ohio St.2d 51, the Court held that the trial court substantially complied with Crim.R. 11 even though the trial court did not orally inform the defendant of each of his rights because the defendant acknowledged that he heard and understood the court's earlier colloquy with a previous defendant and did not desire his own recitation, that he read and executed in open court in the presence of his counsel a written document which clearly explained his rights, and he was literate and had obtained a ninth grade education.
In State v. Nero (1990), 56 Ohio St.3d 106, the Supreme Court held that substantial compliance with Crim.R. 11(C) means "that under the totality of all the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving."
In this case the evidence is conflicting whether Mason could read and understand the English language at the time of his plea. There is no evidence that Mason was present in court when another non-citizen was given the deportation advice. Although Mason told the court he acknowledged that he had reviewed the petition with his lawyer and understood it, it is not clear how a person who can't read English could possibly have known his counsel explained the entire petition to him. In short, it may have been a perfunctory response on Mason's part.
It is not disputed that Mason was not deportable under federal law when he entered his plea in 1995. He became deportable in 1996 when Congress changed the law lowering the bar for deportation. See,8 U.S.C. § 1227(a)(2)(A)(i). ("crimes of moral turpitude includes any alien who is convicted of a crime for which a sentence of one year may be imposed.") It has been held that the prohibition of the ex post facto clause does not apply to deportation, and therefore the retroactive application of Chapter 12 provisions making conviction for any marijuana offense ground for deportation was not unconstitutional. Marcello v. Bonds (1955), 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107; see also, Alfarche v. Cravener (C.A. 5 2000), 203 F.2d 383. Nevertheless, deportation may result in loss of all that makes life worth living, Ng Fung Ho v. White (1922), 259 U.S. 276, and is "close to punishment," Galvan v. Press (1954), 347 U.S. 522.
The Franklin County Court of Appeals has held that R.C. 2943.031
confers a substantive right upon defendants and the explicit mandate of R.C. 2943.031(D) means the defendant does not have to show he would not have pled guilty if the advisement had been read to him by the court. State v. Weber (1997), 125 Ohio App.3d 120; see also, State v. Felix (April 17, 1997), Cuyahoga App. No. 70898. The Franklin County Court of Appeals also held that the Crim.R. 32 motion is not addressed to the sound discretion of the trial court in light of the mandatory requirement of R.C. 2943.031(D) that the trial court vacate the conviction upon motion when the advisement is not given. We agree.
It is not clear that a trial court can satisfy its statutory obligation by providing the deportation advice in writing to a non-citizen defendant. It is clear however, that the legislature intended that the trial court engage in a personal colloquy with the non-citizen defendant to assure itself that the defendant fully understands the deportation consequences of his plea.
In this case the trial court never mentioned the word "deportation" to the defendant. The court merely asked the defendant if he understood the rather lengthy "petition to enter a plea of guilty." We find that the trial court did not substantially comply with the requirements of R.C.2943.031 in this case, and we sustain the appellant's assignment of error in that respect.
The judgment of the trial court is Reversed and Remanded for further proceedings.
FAIN, J., and WALTERS, J., concur.
(Hon. Sumner E. Walters of the Court of Appeals, Third Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).