[Cite as *State v. Groce*, 2012-Ohio-5171.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97736

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EUGENE GROCE

DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-528644, CR-528843, and CR-533154

**BEFORE:** Rocco, J., Stewart, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** November 8, 2012

-i-

**ATTORNEY FOR APPELLANT**

Joseph Vincent Pagano
P.O. Box 16869
Rocky River, OH   44116

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Mark J. Mahoney
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, OH   44113

KENNETH A. ROCCO, J.:

**{¶1}** Defendant-appellant Eugene Groce appeals from the trial court's decision to order his original sentences in three underlying cases into execution because Groce violated the terms of his community control sanctions ("CCS").

**{¶2}** Groce presents two assignments of error. He asserts that the trial court's decision constitutes an abuse of discretion, and that the court's imposition of consecutive sentences was contrary to law.[1] Upon a review of the record, this court finds that the trial court abused its discretion in ordering Groce's sentences into execution; this renders Groce's second assignment of error moot. Consequently, the trial court's decision to order Groce's sentences into execution is reversed and this case is remanded for further proceedings consistent with this opinion.

**{¶3}** Groce originally was indicted in these three cases on charges of burglary, theft, and obstructing official business. The most serious charges carried notices of prior conviction ("NPCs") and repeat violent offender specifications ("RVOs").

**{¶4}** Following the period of discovery, the trial court conducted a change-of-plea hearing. As outlined by the prosecutor, in exchange for Groce's guilty pleas, the state

---

[1]This court notes that the trial court did not state in open court at Groce's CCS violation hearing whether Groce would serve the sentences "consecutively" or "concurrently." Pursuant to the version of R.C. 2929.41 in effect at the time of sentencing, sentences were deemed to be imposed concurrently unless the journal entry stated otherwise. Although the journal entries from which Groce appeals indicate the sentences were to be served consecutively, the trial court erred in failing to inform Groce of this portion of his sentence at the CCS violation hearing. Crim.R. 43. In light of this court's disposition of Groce's appeal, however, the error is moot.

would dismiss the NPCs and the theft counts and would amend one of the burglary counts to a charge of breaking and entering; the charge of obstructing official business remained. The state further agreed it would not pursue another prosecution against Groce for a fourth potential case.

{¶5} Groce's defense attorney concurred in the prosecutor's recitation of the agreement, adding that he had advised Groce that if the state proved his guilt on even one of the cases, Groce "would be looking at at least * * * eighteen years." Defense counsel informed the trial court that these cases recently came to the state's attention due to advances in DNA analysis, but resulted from actions Groce had taken several years previously, and that Groce now had a job and a responsible attitude.

{¶6} The trial court proceeded to conduct a careful colloquy with Groce. In pertinent part, the court informed him that each guilty plea to burglary, a second-degree felony, carried a potential prison term of "from two to eight years in yearly increments." In addition, an RVO carried a potential prison term of "one to ten years in yearly increments." The court stated the term for the RVOs "would be served prior to, but consecutive to any other sentence" Groce received. Groce indicated he understood.

{¶7} After informing Groce of the potential penalties for the other two charges involved in his plea agreement, and after explaining postrelease control requirements Groce would face, the trial court asked Groce for his pleas to the amended indictments. Groce answered, "Guilty." The trial court accepted Groce's guilty pleas, then referred him for a presentence report.

{¶8} At the June 22, 2010 sentencing hearing, the trial court decided that the sentence in each burglary case "would be the same," i.e., a prison term of six years. The court also sentenced Groce on the breaking and entering charge to a prison term of 11 months, and imposed a fine for the second-degree misdemeanor of obstructing official business.

{¶9} The court further ordered each of the sentences suspended, and ordered Groce to be placed on community control sanctions for three years. The trial court placed the following conditions upon Groce's community control sanctions: "six months to complete his GED," drug counseling, and mandatory drug testing.

{¶10} Groce's original sentencing hearing concluded with the following dialogue:

> THE COURT: Now, Mr. Groce, I send all probation [sic] violators to prison. If you decide to commit an act that causes you to be found in violation of your probation [sic] [,] and you've been found in violation before and you had some really nice judges who didn't violate you, send you to prison, well, [in this court] the story's changed. You violate, you're going to prison, okay?
>
> THE DEFENDANT: Yes.
>
> THE COURT: I got 11 years over your head that I will run wild if you come back here as a probation violator. * * * No, I got more than that. * * * 12 years, 11 months. You come back as a probation violator, I'm going to run it wild. You're going to do every day.

{¶11} Eleven months later, on May 24, 2011, the trial court called Groce's cases for a CCS violation hearing. Groce admitted that he had tested positive for cocaine. After the court found Groce

to be in violation, the court ordered Groce's original sentences into execution. The resulting journal entry in each of the underlying cases contains the words: "Consecutive to any other sentence."[2]

{¶12} This court granted Groce's motion to file a delayed appeal of his convictions and sentences. Groce presents the following assignments of error.

**I. The trial court abused its discretion by operating under a blanket policy for probation violation hearings in lieu of exercising its discretion when imposing significant prison terms.**

**II. The trial court's imposition of consecutive sentences was contrary to law and an abuse of discretion.**

{¶13} In his first assignment of error, Groce acknowledges that a trial court's decision to revoke community control is analyzed under an abuse of discretion standard. Groce argues that, because the trial court stated that it sent "all [CCS] violators to prison" and then acted in accordance with that policy, the trial court actually exercised *no* discretion in revoking his community control. Groce contends the trial court's exercise of no discretion in this case equates to an abuse of discretion. This court finds his argument persuasive.

{¶14} Although a trial court's decision finding a violation of community control will not be disturbed on appeal absent an abuse of discretion, a trial court abuses its

---

[2]Six months later, the trial court issued another journal entry in each case that stated the sentence imposed was "concurrent with all other sentences." The trial court, however, lacked jurisdiction to make this substantive change. *State v. Nye*, 10th Dist. No. 95APA11-1490, 1996 Ohio App. LEXIS 2314 (June 4, 1996); *compare State v. Spears*, 8th Dist. No. 94089, 2010-Ohio-2229.

discretion when it violates a probationer's due process rights. *State v. Hayes*, 8th Dist. No. 87642, 2006-Ohio-5924, ¶ 12-15.

{¶15} In *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the United States Supreme Court set forth the minimum due process requirements for probation revocation proceedings. Unless the defendant agrees to waive it, the court first must conduct a preliminary hearing. *Id*. at 782. The purpose of the preliminary hearing is to determine whether probable cause exists to believe that the probationer has violated the conditions of his or her probation. *Id*. at 784-786. In this case, Groce waived this preliminary hearing.

{¶16} If it is determined that the conditions of probation have been violated, a second, less summary proceeding is held to determine whether the probation should be revoked or modified. *Columbus v. Lacey*, 46 Ohio App.3d 161, 162, 546 N.E.2d 445 (10th Dist.1988), citing *Gagnon* at 784-786. The final revocation hearing must encompass the following six minimum due process requirements, viz., 1) notice of the claimed violations, 2) disclosure to the probationer of evidence against him, 3) opportunity to be heard in person and to present evidence, 4) the right to confront witnesses, 5) a neutral and detached hearing body, and, 6) an explanation by the hearing body of the evidence relied on and the reasons for revoking probation. *Gagnon* at 786, citing *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

{¶17} The record in this case reflects that the trial court failed to afford Groce the last two due process requirements to which he was entitled. The trial court neither

displayed a neutral and detached attitude toward Groce, nor adequately explained the reasoning for its decision to revoke Groce's community control.

{¶18} The record reflects that, once the trial court determined that Groce violated a condition of his community control, its decision was made based upon the court's policy, rather than whether the circumstances of Groce's violation warranted modification rather than revocation. *Lacey* at 162. The court made no evaluation "as to the overall social readjustment of the offender in the community," including "consideration of such variables as the offender's relationship toward his family, his attitude toward the fulfillment of financial obligations, the extent of his cooperation with the probation * * * officer assigned to his case, his personal associations, and — of course — whether there have been specific and *significant* violations of the conditions of the probation." (Emphasis added.) *Gagnon*, fn. 8.

{¶19} Under such circumstances, this court finds that the trial court abused its discretion. *Hayes*, 8th Dist. No. 87642, 2006-Ohio-5924. Groce's first assignment of error, accordingly, is sustained.

{¶20} This disposition renders Groce's second assignment of error moot. App.R. 12(A)(1)(c).

{¶21} The trial court's order is reversed. This case is remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR