[Cite as *State v. Fye*, 2015-Ohio-4184.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102494**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RYAN FYE

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-573673-A

**BEFORE:** Stewart, J., Jones, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 8, 2015

**ATTORNEYS FOR APPELLANT**

Michael E. Stepanik
Jack W. Bradley
Jack W. Bradley Co., L.P.A.
520 Broadway Avenue, 3rd Floor
Lorain, OH 44052


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Andrew T. Gatti
Frank Romeo Zeleznikar
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Ryan Fye requested that this appeal be placed on this court's accelerated calendar pursuant to App.R. 11.1 and Loc.R.11.1. By doing so, he has agreed that we may render a decision in "brief and conclusionary form" consistent with App.R. 11.1(E).

{¶2} Fye pleaded guilty to one count of aggravated vehicular homicide and two counts of aggravated vehicular assault. At the time he entered his plea, he did so with defense counsel's understanding that "provided that [Fye] did not get into any trouble either between [pleading guilty] and the time of sentencing and in the institution that the Court would grant him judicial release after six months." The court accepted the plea with no objection from the state and sentenced Fye to three years in prison. After serving six months of his prison term, Fye filed a motion for judicial release. The court granted the motion over the state's objection, placing Fye under community control and ordering him, among other things, to "abide by the rules and regulations of the probation department[.]" Nine days after releasing him, the court issued a capias for Fye's arrest. Following a hearing to determine whether Fye had violated the terms of community control, the court revoked judicial release and ordered Fye to serve the remainder of his original three-year sentence.

{¶3} The impetus for revoking community control was a message that Fye posted on a private account with the social network Facebook. That message, made the day the court granted his motion for judicial release, stated:

> Prison didn't break me. It made me. Don't come at me like before. Yes im [sic] skinny and muscular now. 7 months of working out everyday. Love my real friends and fam. Shout outs to my fam behind bars. I'll see ya when youre [sic] time is near! Miss you brothers!

This message was posted below a picture of Fye extending both of his middle fingers. One week after the post, Fye had his first meeting with his probation officer and acknowledged by signature the rules of probation and community control.[1] Rule No. 2 states that "[u]pon reporting to the Probation Department and when in Court you shall conduct yourself in an orderly manner." After Fye acknowledged the rules, the probation officer and prosecuting attorney's office reported Fye's Facebook post as a violation of the rules of community control.

---

[1] The state maintains that Fye had his first meeting with the probation officer on December 9, 2014, at 3:33 p.m., before he posted the Facebook message. As proof of that assertion, it has appended as Exhibit A to its brief what appears to be a screen capture of Fye's probation department file. This document is not part of the record on appeal so we cannot consider it. *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. We further note that the state's representation that it filed a motion to supplement the record with this exhibit is not borne out by the record on appeal — there is nothing in the appellate docket to show that the state filed a motion to supplement the record on appeal.

{¶4} Fye's three assignments of error complain that the court revoked his community control without explanation, for an invalid reason, and based on conduct that he claims was constitutionally protected. We agree with Fye that the Facebook posting did not constitute a violation of rule No. 2 of the rules of probation and community control because that post was not conduct occurring upon his reporting to the probation department or when in court.

{¶5} Rules, regardless of type or kind, must be interpreted according to their plain and ordinary meaning. *State v. Silverman*, 121 Ohio St.3d 581, 2009-Ohio-1576, 906 N.E.2d 427, ¶ 20-26; *State ex rel. Brilliant Elec. Sign Co. v. Indus. Comm.*, 57 Ohio St.2d 51, 54, 386 N.E.2d 1107 (1979). Rule No. 2 requires that the probationer, "[u]pon reporting to the Probation Department and when in Court," act in an orderly manner. The rule plainly defines the conduct expected of a probationer when the probationer is present before the probation department or the court. This interpretation gives meaning to words "upon reporting" in the context of the probation department and "when in Court."

{¶6} The Facebook post was not made when Fye was present when reporting to the probation department nor did Fye make the post when in court, so by its express terms, rule No. 2 did not apply to Fye's conduct.

**{¶7}** The state argues that we should not give rule No. 2 a literal interpretation, but should instead apply rule No. 2 "realistically" to find that Fye's duty to conduct his affairs in an "orderly manner" applies at all times, regardless of whether he is before the probation department or the court. For the state to make this argument is to concede that the court did not give rule No. 2 its plain and unambiguous meaning. In any event, the state's suggestion that we give rule No. 2 a "realistic" interpretation goes far beyond the express terms of what the rule requires:

> The State is asking the Court to interpret Rule #2 realistically — after reporting to the probation department probationers should conduct themselves in an orderly fashion at all times, whether in court, at the mall, or in the probation department.

Appellee's brief at 3-4.

**{¶8}** By injecting "at the mall" into what it believes the rule covers, the state seeks to transform a rule that, by its own terms, covers conduct occurring only before the probation department or in court into a rule that applies anywhere, at any time. What is more, the state's expansive interpretation of rule No. 2 is unnecessary because it overlaps other rules of probation and community control that apply to a probationer's conduct: rule No. 4 bars the use of drugs and alcohol; rule No. 7 bars association with persons having known criminal records; and rule No. 10 requires the probationer to "obey all local, state, and federal laws." The probationer's conduct defined by these rules is such that the state's interpretation of rule No. 2 would render it redundant. *See E. Ohio Gas Co. v. Pub. Util. Comm.*, 39 Ohio St.3d 295, 299, 530 N.E.2d 875 (1988) ("words in statutes should not be construed to be redundant.").

{¶9} A court's decision to revoke community control is analyzed under an abuse of discretion standard. *State v. Groce*, 8th Dist. Cuyahoga No. 97736, 2012-Ohio-5171, ¶ 13. But the interpretation of a statute or rule is a question of law, *State v. Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, 28 N.E.3d 1267, ¶ 6, and a court has no discretion to commit an error of law. *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 70. The court erred as a matter of law by concluding that a Facebook posting made outside the confines of the probation department or court constituted a violation of rule No. 2 as a grounds for revoking community control.

{¶10} We therefore sustain Fye's first assignment. Doing so renders unnecessary any discussion of whether the Facebook post constituted the exercise of a constitutionally protected right — we must avoid deciding cases on constitutional grounds if nonconstitutional grounds exist for reversal. *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 9. And our conclusion that there was no violation of rule No. 2 renders moot any consideration of Fye's argument that the court revoked his community control without providing a written explanation. *See* App.R. 12(A)(1)(c).

{¶11} Judgment reversed and remanded.

This cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

LARRY A. JONES SR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR