CARR, P.J., DISSENTING.
 

 {¶79} I respectfully dissent from the judgment of the majority as I would sustain Montrose's first assignment of error.
 

 {¶80} Unfortunately, the administrative code provision at issue is poorly drafted and even applying the plain language as
 written could lead to somewhat questionable results. The provision states:
 

 It shall be a deceptive and unfair act or practice for a dealer * * *, in connection with the advertisement or sale of a motor vehicle, to: * * * Fail to disclose prior to the dealer's obtaining signature by the consumer on any document for the purchase of the vehicle, any defect and/or the extent of any previous damage to such vehicle, retail repair cost of which exceeds or exceeded six per cent of the manufacturer's suggested retail price, excluding damage to glass, tires and bumpers where replaced by identical manufacturer's original equipment.
 

 Ohio Adm.Code 109:4-3-16(B)(14). Thus, for example, the plain language seems to require that, under certain circumstances, "previous damage" must be disclosed but not existing damage, notwithstanding the fact that existing damage could be difficult for the average consumer to detect depending on its location.
 

 {¶81} Nonetheless, in examining the phrase at issue, irrespective of how the last-antecedent rule is applied, I would conclude that the trial court erred in concluding that Montrose violated Ohio Adm.Code 109:4-3-16(B)(14) by failing to disclose a defect. "In construing statutes, it is customary to give words their plain ordinary meaning unless the legislative body has clearly expressed a contrary intention. This maxim applies equally to administrative regulations." (Internal citation omitted.)
 
 State ex rel. Brilliant Elec. Sign Co. v. Indus. Comm.
 
 ,
 
 57 Ohio St.2d 51
 
 , 54,
 
 386 N.E.2d 1107
 
 (1979). The term "defect" is not defined in the relevant portions of the administrative code or the statutory scheme. Accordingly, it is appropriate to use the common, ordinary meaning of the word.
 

 Id.
 

 The dictionary has defined "defect" as "an imperfection that impairs worth or utility." (Internal quotations omitted.)
 
 Hamrick v. Bryan City School Dist.
 
 , 6th Dist. Williams No. WM-10-014,
 
 2011-Ohio-2572
 
 ,
 
 2011 WL 2090038
 
 , ¶ 28, quoting
 
 Merriam Webster's New Collegiate Dictionary
 
 302 (10th Ed. 1996). Here, there was no evidence that, at the relevant time, the truck had a defect, i.e. "an imperfection that impair[ed] its worth or utility."
 
 Hamrick
 
 at ¶ 28. While the faulty long block engine would be considered a defect, it was replaced prior to the sales transaction. Thus, the evidence presented supports that the truck that Mr. Averback purchased did not have any defects. Accordingly, there was nothing for Montrose to disclose.