THE STATE, EX REL. BLYSTONE, *v.*
INDUSTRIAL COMMISSION
OF OHIO ET AL.

(No. 84AP-81—Decided June 28, 1984.)

*Bentoff & Duber Co., L.P.A.,* and *Mr. Michael J. Duber,* for relator John L. Blystone.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Lee M. Smith* and

*Mr. Richard L. Friedman,* for respondents Industrial Commission and James Mayfield, Administrator.

*Mr. W. Michael Shay,* for respondent Paratore Interior Systems, Inc.

McCORMAC, P.J. Relator, John Blystone, has commenced a mandamus action in this court alleging that the respondent Industrial Commission abused its discretion in denying his application for violation of a specific safety requirement.

Respondents, Industrial Commission, Administrator James Mayfield and Paratore Interior Systems, Inc., have answered denying any abuse of discretion.

The evidence is the Industrial Commission claim file of relator.

Relator was injured during the course of his employment when he fell from a scaffolding on which he was working from a distance of eighteen to twenty feet off the ground. Prior to his fall, the scaffolding guardrail was removed by his employer at the request of relator.

Ohio Adm. Code 4121:1-3-07(F) (now 4121:1-3-10[C][4]) contained a specific safety requirement that a guardrail be provided on the unprotected side of the scaffolding from which relator fell. The application for violation of a specific safety requirement was denied because the guardrail, which the employer had installed to comply with the specific safety requirement, had been removed at relator's request prior to his fall so that he could more easily perform his sanding duties.

The issue is whether an employer is relieved from responsibility for violation of a specific safety requirement when the employer has removed a safety device at the request of the employee who was injured.

It is the employer who has the obligation to comply with specific safety requirements adopted for the protection

of employees. Although the employer initially complied with the requirement for installing a guardrail, the employer was no longer in compliance when the guardrail was removed. Thus, the uncontroverted fact was that relator was injured as a proximate result of the employer's failure to comply with a specific safety requirement.

There is no provision in the law relieving an employer of his obligation to comply with a specific safety requirement because the safety device required by law was removed at the request of an employee. The duty to comply with a specific safety standard is constitutionally that of the employer to provide for the protection of the lives, health or safety of employees. Section 35, Article II, Ohio Constitution. That duty is not eliminated simply because an employee, negligently, stupidly or otherwise, tells the employer that he would like the safety device removed. It is the obligation of the employer to refuse to comply with the employee's request. If the employer removes the safety device merely because an employee requested the removal, the employer is at that point in noncompliance and subject to the constitutional penalty.

Although the fact that the injured employee requested the removal of a safety device required and installed for his safety does not prevent a penalty from being applied for the violation, it is a circumstance that may be taken into account as the Industrial Commission exercises its discretion in determining the amount of the award which shall be "just * * * [and] not greater than fifty nor less than fifteen per centum of the maximum award established by law * * *." Section 35, Article II, Ohio Constitution.

A writ of mandamus is granted ordering the Industrial Commission to allow relator's application for an additional award for violation of a specific safety regulation.

*Writ allowed.*

STRAUSBAUGH and BROGAN, JJ., concur.

BROGAN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District.