THE STATE, EX REL. PRE FINISH METALS, INC., APPELLANT, v. INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Pre Finish Metals, Inc., v. Indus. Comm. (1988), 39 Ohio St. 3d 314.]

(No. 87-731—Submitted August 19, 1988—Decided November 16, 1988.)

*Eastman & Smith, John T. Land-wehr* and *Thomas J. Gibney,* for appellant.

*Brown, Baker, Schalageter & Craig* and *Stephen P. Koder,* for appellee Loving.

*Anthony J. Celebrezze, Jr.,* attorney General, *Helen M. Ninos* and *Merl H. Wayman,* for appellee Industrial Commission.

*Per Curiam.* Appellant concedes that the ladder in question was not equipped with safety shoes, spurs, or metal spikes. The question before us is whether the commission abused its discretion in defining the ladder as a "single ladder" and in determining that Ohio Adm. Code 4121:1-5-03(C)(2)(b)(ii) was inapplicable. We hold that it did not.

Ohio Adm. Code 4121:1-5-03(C)(2)(b) states:

"(i) All portable ladders shall be equipped with safety shoes, metal spikes, or spurs. Safety shoes shall be surfaced with cork, carborundum, rubber, or other material with equivalent coefficient of friction.

"(ii) This does not apply to step ladders, lashed ladders or hook ladders."

The ladder in question was the surviving top half of an extension ladder. Appellant argues that this segment was not a portable "single ladder" requiring shoes. We disagree. Ohio Adm. Code 4121:1-5-01(B)(18)(j) defines "single ladder" as "a portable, nonadjustable ladder consisting of but one section." Ohio Adm. Code 4121:1-5-01(B)(18)(a) defines "[e]xtension ladder" as "a portable ladder, adjustable in length. It consists of two or more sec-

tions traveling in guides or brackets so arranged as to permit length adjustment. Its size is designated by the sum of the lengths of the sections measured along the side rails."

While the ladder in question originally comprised part of an extension ladder, it consisted, on the date of injury, of just one section. As the interpretation of a specific safety requirement is within the commission's sound discretion (*State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* [1956], 166 Ohio St. 47, 1 O.O. 2d 190, 139 N.E. 2d 41; *State, ex rel. Cox,* v. *Indus. Comm.* [1981], 67 Ohio St. 2d 235, 21 O.O. 3d 147, 423 N.E. 2d 441), its characterization of the segment as a "single ladder" was not an abuse of discretion.

We also find Ohio Adm. Code 4121:1-5-03(C)(2)(b)(ii) to be inapplicable. Neither party contends that the ladder was a step ladder or hook ladder. The commission, however, determined that it was not a lashed ladder based on the affidavit of Tom Hodges. We have stated that the commission alone is responsible for evaluating the weight and credibility of the evidence. *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936. In *Burley,* we also stated that as long as the commission's decision was supported by some evidence, there was no abuse of discretion and mandamus would not lie. In the present case, the Hodges affidavit constituted "some evidence" to support the commission's decision. The fact that the evidence took the form of a sworn affidavit as opposed to "live" testimony taken at a hearing does not negate the competency of that evidence.

Appellant's contention that a violation of a specific safety requirement ("VSSR") must be proven "beyond a reasonable doubt" is not well-taken. Appellant has quoted out of context

*State, ex rel. New Departure Hyatt Bearings, Division of General Motors Corp.,* v. *Indus. Comm.* (Mar. 3, 1983), Franklin App. No. 82AP-842, unreported, and *State, ex rel. Wauseon Foundry Co.,* v. *Indus. Comm.* (Sept. 29, 1983), Franklin App. No. 83AP-213, unreported. Both of these cases indicate that "all reasonable doubts concerning the interpretation of the safety standard [are] to be construed against the applicability of the standard to the employer." *New Departure, supra,* at 3. Neither case states, explicitly or impliedly, that a claimant in a VSSR case has the burden of proof beyond a reasonable doubt. (See Ohio Adm. Code 4123-3-09[C][3], which states that an applicant for workers' compensation benefits must establish his claim by a "preponderance of the evidence.")

Appellant's reliance on *State, ex rel. Chrysler Plastic Products Corp.,* v. *Indus. Comm.* (1987), 39 Ohio App. 3d 15, 528 N.E. 2d 1279, is similarly misplaced. In that case, the employer was denied a fair hearing where an *ex parte* commission order vacated a prior VSSR denial based on newly obtained evidence that the employer was not given a chance to refute. It is not on point with the present case. Moreover, it contains no language requiring that a VSSR be proven beyond a reasonable doubt.

Finally, appellant's contention that the commission imposed a strict liability standard upon it for the VSSR contention is not well-taken. While the hearing officer's inclusion of a hypothetical situation in his order is confusing and arguably gives the appearance that such a standard was used, a complete reading of the order indicates otherwise. The commission, based in large part on the Hodges affidavit, determined that an unlashed single ladder was not equipped with safety shoes, spurs or metal spikes, in viola-

tion of Ohio Adm. Code 4121:1-5-03 (C)(2)(b)(i). This decision was supported by some evidence. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J, SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.