The STATE, ex rel. WEICH ROOFING, INC.,

v.

INDUSTRIAL COMMISSION OF OHIO et al.

[Cite as *State, ex rel. Weich Roofing, Inc., v. Indus. Comm.* (1990), 69 Ohio App.3d 281.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–632.

Decided Sept. 4, 1990.

*Edward G. Marks,* for relator.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Dennis L. Hufstader,* for respondent Industrial Commission of Ohio.

*Dennis A. Becker,* for respondent Robert D. Wubeler.

REILLY, Presiding Judge.

Relator, Weich Roofing, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio, to vacate its order granting respondent-claimant Robert D. Wubeler ("claimant") an additional award for violation of a specific safety requirement and to issue an order denying said award in accordance with the evidence in the Industrial Commission claim file which the parties have stipulated as the evidence in this case.

This cause was referred to a referee pursuant to Civ.R. 53 and Section 13, Loc.R. 11 of the Tenth District Court of Appeals. The referee issued a report, including findings of fact and conclusions of law, recommending that this court deny the requested writ of mandamus. After an independent review of the evidence, the court concludes that the referee correctly found the salient facts and applied the applicable law thereto. Consequently, the referee's report is adopted.

Claimant was injured on August 17, 1983 in the course of and arising out of his employment. Claimant filed a claim for a fractured ankle as well as an application for an additional award for a violation of a specific safety requirement ("VSSR"). After a hearing before an Industrial Commission hearing officer, claimant was awarded additional compensation in the amount of thirty-five percent of the maximum weekly rate based on relator's violation of Ohio Adm.Code 4121:1–3–11(D)(1)(b). Relator then filed a timely motion for rehearing which was denied by an order approved by the commission. Relator subsequently commenced this action in mandamus alleging that the commission abused its discretion in granting claimant's application for a VSSR.

Ohio Adm.Code 4121:1–3–11(D)(1)(b) provides that:

"All portable ladders shall be equipped with safety shoes, metal spikes, or spurs. Safety shoes shall be surfaced with cork, carborundum, rubber, or other material with equivalent coefficient of friction. This does not apply to step ladders, lashed ladders, or hook ladders."

The evidence indicates that, on the date of the accident, relator's employees were engaged in a reroofing job at a restaurant. Claimant ascended to the roof using a ladder equipped with safety feet. While claimant was on the roof, another employee removed the ladder and substituted a wooden ladder without safety feet in its place. When claimant descended from the roof, the wooden ladder slid out from under him causing him to fall approximately ten feet.

Relator's business requires the use of a number of ladders of various sizes. In order to make the most use of available equipment, relator's employees often separate extension ladders into two separate pieces. An extension ladder is two separate ladders which are joined together by a slide assembly. The bottom portion is factory equipped with safety feet. The wooden upper portion of the ladder does not have safety feet as these would interfere with the operation of the extension ladder.

When the wooden upper portion of the extension ladder was to be used separately, relator's company policy directed that rubber slip-on safety feet be placed on the ladder before it was used. These safety feet were available on the crew's equipment truck, but claimant's co-worker neglected to place them on the wooden ladder before substituting it for the ladder claimant had originally used. The hearing officer found that claimant's injury directly resulted from the fact that the wooden ladder lacked the required safety feet.

■ A portion of an extension ladder used separately is clearly a "portable ladder" to which the applicable Ohio Administrative Code section applies. *State, ex rel. Pre Finish Metals, Inc., v. Indus. Comm.* (1988), 39 Ohio St.3d 314, 530 N.E.2d 918. Relator argues that the word "equipped" means that safety feet must be furnished or made available, not that they must be permanently attached to every ladder. Words appearing in administrative regulations are generally given their plain and ordinary meaning. *State, ex rel. Brilliant Electric Sign Co., v. Indus. Comm.* (1979), 57 Ohio St.2d 51, 54, 11 O.O.3d 214, 215–216, 386 N.E.2d 1107, 1109. In support of its position, relator cites both the dictionary meaning of the word "equipped" and applicable Ohio case law. Black's Law Dictionary (5 Ed.1979) 482 (defining "equip" to mean "[t]o furnish for service * * *; to supply with whatever is necessary * * * "); *Kercher v. Conneaut* (1945), 76 Ohio App. 491, 507–508, 32 O.O. 233, 239–240, 65 N.E.2d 272, 282 (city ordinance requiring bicycles to be equipped with lamps does not require that the lamp be attached to the bicycle, only that

it be used). Relator further argues that, should the regulation be construed to require permanent attachment, the regulation is unconstitutionally vague as it does not forewarn the employer by establishing a specific and definite standard of conduct which it may follow. *State, ex rel. Rae, v. Indus. Comm.* (1939), 136 Ohio St. 168, 173, 16 O.O. 119, 120–121, 24 N.E.2d 594, 597.

Even if this court were to accept relator's proffered definition of the word "equipped," relator's argument is still not well taken. Although the regulation may not require the permanent attachment of safety feet to all ladders as relator maintains, the regulation definitely requires the use of such safety feet. See *Kercher, supra.*

In the second part of relator's argument, it maintains that:

"A co-employee's negligent removal of and failure to use available safety equipment in violation of company policy which causes another employee's injury relieves the employer of responsibility for a VSSR violation."

Relator thus contends that the specific safety regulations require an employer to make required safety equipment available, not to ensure its proper use by employees. Nevertheless, this is not the law of Ohio. Specific safety requirements are enacted to protect the lives, health, or safety of employees. *State, ex rel. Cotterman, v. St. Mary's Foundry* (1989), 46 Ohio St.3d 42, 45, 544 N.E.2d 887, 890. The employer, not the employee, has the obligation to comply with specific safety requirements. *State, ex rel. Blystone, v. Indus. Comm.* (1984), 14 Ohio App.3d 238, 14 OBR 266, 470 N.E.2d 495. Although an employee or third-party may be assigned by the employer to ensure compliance with a specific safety requirement, "the ultimate responsibility for failure to comply with such a requirement remains with the employer * * *." *State, ex rel. Morrissey, v. Indus. Comm.* (1985), 18 Ohio St.3d 285, 288, 18 OBR 336, 338, 480 N.E.2d 810, 813. "Generally, negligence or absentmindedness of the employee will not bar recovery for a VSSR." *Cotterman, supra,* 46 Ohio St.3d at 47, 544 N.E.2d at 892. As this court recently observed, "specific safety regulations are intended to protect employees from their own negligence, folly, or stupidity, in addition to providing them with a safe working environment." *State, ex rel. Cincinnati Drum Service, Inc., v. Indus. Comm.* (Feb. 9, 1989), Franklin App. No. 87AP–534, unreported, 1989 WL 10346, affirmed (1990), 52 Ohio St.3d 135, 556 N.E.2d 459.

This rule is subject to only limited exceptions. In *State, ex rel. Kale, v. Indus. Comm.* (May 3, 1984), Franklin App. No. 83AP–968, unreported, 1984 WL 5731, this court held that a specific safety requirement requiring that goggles be provided to employees was complied with where the goggles were made available to employees, but the claimant neglected to use them. In *State, ex rel. Lewis, v. Indus. Comm.* (Mar. 15, 1984), Franklin App. No.

83AP–756, unreported, 1984 WL 4703, we held that a VSSR award was inappropriate where the claimant personally disabled a safety device which otherwise complied with the applicable regulations. Similarly, in *State, ex rel. Frank Brown & Sons, Inc., v. Indus. Comm.* (1988), 37 Ohio St.3d 162, 524 N.E.2d 482, the court reversed a VSSR award where the claimant's injury was the result of the claimant's own unilateral negligence.

In each of these cases, the claimant's conduct was the sole cause of his injuries; however, in this case, the claimant did not contribute to his injuries. Moreover, in each of the foregoing cases, the employer fully satisfied its obligation by providing equipment which complied with the applicable safety regulations. In this case, however, the ladder was neither permanently equipped with safety feet, nor was it so equipped when used on the occasion of claimant's injury.

It is the employer's ultimate responsibility to comply with specific safety regulations and provide a safe working environment. This responsibility does not shift to an employee unless the employer complies with the applicable safety regulations in the first instance and the claimant's unilateral negligence causes the injury. As this is not the case here, the additional award for a violation of a specific safety requirement is not an abuse of discretion. Further, the regulation is not unconstitutionally vague as applied in this case. It simply requires the use of safety feet on portable ladders. If this regulation had been complied with in this case, claimant would not have suffered an injury. Finally, relator cannot avoid liability by asserting the negligence of another employee.

Relator's objections are overruled, the referee's report is adopted, and the requested writ of mandamus is denied.

*Writ denied.*

JOHN C. YOUNG and KERN, JJ., concur.

LILLIAN M. KERN, J., retired, of the Montgomery County Court of Common Pleas, sitting by assignment.