THE STATE EX REL. VOLKER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Volker v. Indus. Comm.* (1996), 75 Ohio St.3d 466.]

(No. 94–1504—Submitted March 5, 1996—Decided May 15, 1996.)

468

*Richard L. Salisbury,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Jetta Mencer,* Assistant Attorney General, for appellee Industrial Commission.

*Rademaker, Matty, McClelland & Greve, Kirk R. Henrikson* and *Dennis A. Rademaker,* for appellee Rego Berea Supermarkets, Inc.

---

*Per Curiam.* Ohio Adm.Code 4121:1–5–03(C)(2)(b) reads:

"(i) All portable ladders shall be equipped with safety shoes, metal spikes or spurs. Safety shoes shall be surfaced with cork, carborundum, rubber or other material with equivalent coefficient of friction.

"(ii) This does not apply to step ladders, lashed ladders or hook ladders."

Ohio Adm.Code 4121:1–5–01(B)(80)(k) defines "stepladder" as:

" * * * [A] self-supporting portable ladder, non-adjustable in length, having flat steps or treads, and a hinged back. Its size is designated by the overall length of the ladder measured along the front edge of the side."

Rego concedes that the ladder in question was not equipped with safety shoes, spurs or metal spikes. We must determine, therefore, whether the commission abused its discretion in defining the ladder as a "stepladder" and in determining that Ohio Adm.Code 4121:1–5–03(C)(2)(b)(i) did not apply. For the reasons to follow, we find no abuse of discretion.

The interpretation of a specific safety requirement is within the sound discretion of the commission. *State ex rel. Allied Wheel Products, Inc. v. Indus. Comm.* (1956), 166 Ohio St. 47, 1 O.O.2d 190, 139 N.E.2d 41. Since a VSSR is a penalty, "it must be strictly construed, and all reasonable doubts concerning the interpretation of the safety standard are to be construed against its applicability to the employer." *State ex rel. Burton v. Indus. Comm.* (1989), 46 Ohio St.3d 170, 172, 545 N.E.2d 1216, 1219.

The commission examined the ladder's construction and found that it comported with the applicable definition. Claimant argues that the ladder was not self-supporting at the time of the accident and, therefore, could not be considered a "stepladder." Claimant asserts that use, not construction, must control. We disagree.

In some cases, equipment use has determined the applicability of a specific safety requirement. See, *e.g., State ex rel. Cleveland Wrecking Co. v. Indus. Comm.* (1988), 35 Ohio St.3d 248, 520 N.E.2d 228; *State ex rel. Pre Finish Metals, Inc. v. Indus. Comm.* (1988), 39 Ohio St.3d 314, 530 N.E.2d 918; and *State ex rel. Weich Roofing, Inc. v. Indus. Comm.* (1990), 69 Ohio App.3d 281, 590 N.E.2d 781. In others, the commission has been guided by the equipment's construction. See, *e.g., McArthur Lumber & Post Co., Inc. v. Indus. Comm.* (1983), 6 Ohio St.3d 217, 6 OBR 289, 452 N.E.2d 1269. We cannot, therefore, state that a single standard governs all questions of specific safety requirement applicability.

In this instance, the commission found that construction was a better indicium than use in determining whether the ladder in question was a "stepladder." We do not find that the commission's decision was abuse of discretion.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., not participating.