[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 466.]

THE STATE EX REL. VOLKER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Volker v. Indus. Comm.*, 1996-Ohio-155.]

*Workers' compensation—Industrial Commission's denial of application for additional compensation alleging violation of a specific safety requirement not an abuse of discretion, when—Interpretation of a specific safety requirement is within sound discretion of commission.*

(No. 94-1504—Submitted March 5, 1996—Decided May 15, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93AP-968.

————————————

{¶ 1} Appellant-claimant, Paul J. Volker, was employed by appellee Rego Berea Supermarkets, Inc. (a.k.a. Riser Foods, Inc.). On September 1, 1989, he went to the back room to get meat trays that were stored on a shelf approximately nine and one-half feet above the floor.

{¶ 2} The storeroom contained a ten-foot wooden stepladder. Claimant alleged that the storeroom floor was so crowded with stock that the ladder could not be opened into an A-frame position. As such, he propped the closed ladder against the shelf and climbed up to get the trays. When claimant reached near the top, the ladder slipped out from underneath him.

{¶ 3} A workers' compensation claim was allowed for a fractured heel. In late 1990, claimant moved appellee Industrial Commission of Ohio for additional compensation, alleging that his employer violated a specific safety requirement ("VSSR")--Ohio Adm. Code 4121:1-5-03(C)(2)(b)(i). A commission staff hearing officer denied claimant's application, writing:

"Claimant cited rule 4121:1-5-03(C)(2)(b)(i). This rule states that, 'All portable ladders shall be equipped with safety shoes, metal spikes or spurs. Safety

shoes shall be surfaced with cork, carborundum, rubber or other material with equivalent coefficient of friction.'

"Based on a review of the evidence presented, it is concluded that part of the feet of this ladder had been cut off and the ladder did not have safety shoes, metal spikes, or spurs.

"Even though this ladder did not have the required safety shoes, metal spikes or spurs, it is ruled that no violation of this rule occurred because this ladder falls within the definition of 4121:1-5-03(C)(2)(b)(ii), which states that the requirements of part (i) do not apply to stepladders, lashed ladders or hook ladders.

"Under 4121:1-5-01(B)(80)(k), a stepladder is defined as 'a self-supporting portable ladder, non-adjustable in length, having flat steps or treads, and a hinged back. Its size is designated by the overall length of the ladder measured along the front edge of the side.'

"The ladder at issue would meet this definition because it was a portable ladder which was non-adjustable in length (it was not an extension ladder) and it had flat steps or treads, and a hinged back.

"Because this ladder meets the definition of a stepladder it would be specifically exempted from the requirements of 4121:1-5-03(C)(2)(b)(i). Therefore, no violation of this rule is found."

{¶ 4} Reconsideration was denied.

{¶ 5} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying a VSSR. The appellate court denied the writ.

{¶ 6} This cause is now before this court upon an appeal as of right.

_____

*Richard L. Salisbury*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Jetta Mencer*, Assistant Attorney General, for appellee Industrial Commission.

*Rademaker, Matty, McClelland & Greve, Kirk R. Henrikson* and *Dennis A. Rademaker*, for appellee Rego Berea Supermarkets, Inc.

_____

***Per Curiam.***

**{¶ 7}** Ohio Adm. Code 4121:1-5-03(C)(2)(b) reads:

"(i)  All portable ladders shall be equipped with safety shoes, metal spikes or spurs.  Safety shoes shall be surfaced with cork, carborundum, rubber or other material with equivalent coefficient of friction.

"(ii)  This does not apply to step ladders, lashed ladders or hook ladders."

**{¶ 8}** Ohio Adm. Code 4121:1-5-01(B)(80)(k) defines "stepladder" as:

"* * * [A] self-supporting portable ladder, non-adjustable in length, having flat steps or treads, and a hinged back.  Its size is designated by the overall length of the ladder measured along the front edge of the side."

**{¶ 9}** Rego concedes that the ladder in question was not equipped with safety shoes, spurs or metal spikes.  We must determine, therefore, whether the commission abused its discretion in defining the ladder as a "stepladder" and in determining that Ohio Adm. Code 4121:1-5-03(C)(2)(b)(i) did not apply.   For the reasons to follow, we find no abuse of discretion.

**{¶ 10}** The interpretation of a specific safety requirement is within the sound discretion of the commission.  *State ex rel. Allied Wheel Products, Inc. v. Indus. Comm.* (1956), 166 Ohio St. 47, 1 O.O.2d 190, 139 N.E.2d 41.  Since a VSSR is a penalty, "it must be strictly construed, and all reasonable doubts concerning the interpretation of the safety standard are to be construed against its applicability to the employer."  *State ex rel. Burton v. Indus. Comm.* (1989), 46 Ohio St.3d 170, 172, 545 N.E.2d 1216, 1219.

**{¶ 11}** The commission examined the ladder's construction and found that it comported with the applicable definition.  Claimant argues that the ladder was not self-supporting at the time of the accident and, therefore, could not be

considered a "stepladder." Claimant asserts that use, not construction, must control. We disagree.

{¶ 12} In some cases, equipment use has determined the applicability of a specific safety requirement. See, *e.g., State ex rel. Cleveland Wrecking Co. v. Indus. Comm.* (1988), 35 Ohio St.3d 248, 520 N.E.2d 228; *State ex rel. Pre Finish Metals, Inc. v. Indus. Comm.* (1988), 39 Ohio St.3d 314, 530 N.E.2d 918; and *State ex rel. Weich Roofing, Inc. v. Indus. Comm.* (1990), 69 Ohio App. 3d 281, 590 N.E.2d 781. In others, the commission has been guided by the equipment's construction. See, *e.g., McArthur Lumber & Post Co., Inc. v. Indus. Comm.* (1983), 6 Ohio St.3d 217, 6 OBR 289, 452 N.E.2d 1269. We cannot, therefore state that a single standard governs all questions of specific safety requirement applicability.

{¶ 13} In this instance, the commission found that construction was a better indicium than use in determining whether the ladder in question was a "stepladder." We do not find that the commission's decision was abuse of discretion.

{¶ 14} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., not participating.

_____