CLARK, Appellant,

v.

**STATE BOARD OF REGISTRATION FOR PROFESSIONAL
ENGINEERS AND SURVEYORS, Appellee.**

[Cite as *Clark v. State Bd. of Registration for Professional
Engineers & Surveyors* (1997), 121 Ohio App.3d 278.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18024.

Decided June 18, 1997.

*Michael A. Malyuk,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Samuel H.. Simon,* Assistant Attorney General, for appellee.

REECE, Judge.

Appellant, Carl M. Clark, appeals the decision of the court of common pleas affirming the administrative order suspending Clark's registration as a professional surveyor for a period of nine months. We affirm.

I

On September 14, 1995, the State Board of Registration for Professional Engineers and Surveyors notified Carl M. Clark, in writing, of the following charges against him: (1) misconduct in the practice of professional surveying, a violation of R.C. 4733.20(A)(2); (2) aiding and abetting the illegal practice of professional surveying, a violation of R.C. 4733.20(A)(3); and (3) breaching the code of ethics, a violation of R.C. 4733.20(A)(5). Clark was also charged with several equivalent violations of the Ohio Administrative Code. The charges resulted from Clark's practice, in producing Mortgage Location Surveys ("MLS's"), of permitting employees to use Clark's signature stamp and professional surveyor's seal.

After a two-day hearing on the matter, the board's hearing examiner determined that Clark had not reviewed the MLS's at issue prior to Clark's employees affixing his signature and stamp to the product. According to the examiner's factual findings, an MLS was sold to a client without Clark ever seeing the document; Clark had no personal knowledge of the survey representations made therein. Based on this and other evidence, the hearing examiner concluded that Clark had committed professional misconduct by "knowingly and with deliberation permit[ting] his professional seal to be affixed to a mortgage location survey over which [he] lacked personal professional knowledge." Furthermore, the hearing examiner determined, in permitting employees to affix his signature and seal without personal review, "Clark aided the staff of the Columbus and Painesville offices [of Bock & Clark] in the practice of professional surveying illegally in this state."

On February 16, 1996, Clark filed his objections to the hearing examiner's report and recommendation. On March 7, 1996, the board unanimously voted to

suspend Clark's certificate of registration as a professional surveyor for a period of nine months. Clark then appealed the board's decision to the Summit County Court of Common Pleas pursuant to R.C. 119.12. On August 1, 1996, the court of common pleas denied Clark's appeal, sustaining the board's decision to suspend Clark's registration. This appeal followed.

## II

Clark presents us with five assignments of error. This court has carefully reviewed Clark's arguments and found each, in turn, lacking in merit. We shall address them in the order presented.

## A

"The common pleas court abused its discretion and erred in finding that the rulings of the State Board of Registration are supported by reliable, probative and substantial evidence."

When reviewing an order of an administrative agency pursuant to R.C. 119.12, a common pleas court generally must affirm the agency's order if it is supported by reliable, probative, and substantial evidence and is in accordance with the law. *Asad v. Ohio State Med. Bd.* (1992), 79 Ohio App.3d 143, 145, 606 N.E.2d 1064, 1065–1066, citing *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267–1268. See, also, *Ohio Historical Soc. v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 466, 470–471, 613 N.E.2d 591, 595–596. In determining whether the agency's decision is supported by reliable, probative, and substantial evidence, the trial court is required to give "due deference to the administrative resolution of evidentiary conflicts." *Univ. of Cincinnati,* 63 Ohio St.2d at 111, 17 O.O.3d at 67, 407 N.E.2d at 1267. See, also, *Ohio Historical Soc.,* 66 Ohio St.3d at 471, 613 N.E.2d at 595–596. Thus, the common pleas court must undertake a "hybrid form of review," examining both the factual and legal determinations made by the agency. *Id.*

"[In] reviewing an order of the court of common pleas which determined an appeal from an administrative agency based upon the * * * evidence, this court's scope of review is limited to determining whether the common pleas court abused its discretion." *In re Ghali* (1992), 83 Ohio App.3d 460, 465–466, 615 N.E.2d 268, 271, citing *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 533 N.E.2d 264. An abuse of discretion implies "a decision which is without a reasonable basis or one which is clearly wrong." *Id.* at 466, 615 N.E.2d at 271, citing *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280.

R.C. 4733.20(A) provides:

"(A) The state board of registration for professional engineers and surveyors may revoke, suspend, or limit the certificate of registration of any registrant * * * or place on probation the holder of a certificate of registration or the holder of a certificate of authorization who is found guilty of *any one or more* of the following:

"* * *

"(2) Any gross negligence, incompetency, or misconduct in the practice of professional engineering or professional surveying as a registered professional engineer or registered professional surveyor;

"(3) Aiding or abetting any person to practice professional engineering or professional surveying illegally in the state;

"* * *

"(5) Violation of the code of ethics adopted by the state board of registration for professional engineers and professional surveyors." (Emphasis added.)

The code of ethics adopted by the board is found at Ohio Adm.Code Chapter 4733–35. It provides as follows:

"In order to safeguard the life, health, property and welfare of the public and the state of Ohio, to maintain integrity and high standards of skills and practice in the professions of Engineering and Surveying, the following rules of professional conduct, promulgated in accordance with chapter 4733 of the Ohio Revised Code, shall be binding upon every person holding a certificate of registration as a Professional Engineer or as a Surveyor.

"The Engineer or Surveyor, who holds a certificate of registration from the Ohio State Board of Registration for Professional Engineers and Surveyors, is charged with having knowledge of the existence of the reasonable rules and regulations hereinafter provided for his professional conduct as an Engineer or Surveyor, and also shall be deemed to be familiar with their several provisions and to understand them. Such knowledge shall encompass the understanding that the practice of engineering, or of surveying, is a privilege, as opposed to a right, and the registrant shall be forthright and candid in his statements or written responses to the Board or its representatives on matters pertaining to professional conduct." Ohio Adm.Code 4733–35–01.

Ohio Adm.Code 4733–35–07 further states:

"Improper conduct

"(A) The Engineer or Surveyor shall not sign and/or seal professional work for which he does not have personal professional knowledge *and* direct supervisory control *and* responsibility." (Emphasis added.)

■ Clark contends that the code of ethics is vague and, pursuant to his interpretation, Ohio Adm.Code 4733–35–07(A) should be read in the disjunctive.[1] Thus, Clark argues, the correct interpretation of the Administrative Code provision is one permitting him to delegate all the tasks necessary in compiling an MLS. Clark reasons that so long as he accepts ultimate responsibility for the quality and accuracy of the final product, he has not violated the code of ethics if he allows his employees to affix his seal and signature to the MLS although he has never seen the document prior to its delivery to the client. We cannot accept Clark's reasoning.

■ The words and phrases contained in Ohio's statutes and administrative regulations are to be given their plain, ordinary meaning and are to be construed "according to the rules of grammar and common usage." R.C. 1.42. See, also, *State ex rel. Weich Roofing, Inc. v. Indus. Comm.* (1990), 69 Ohio App.3d 281, 283, 590 N.E.2d 781, 782–783. Plain and unambiguous language may not be ignored. *Pike–Delta–York Local School Dist. Bd. of Edn. v. Fulton Cty. Budget Comm.* (1975), 41 Ohio St.2d 147, 156, 70 O.O.2d 300, 305, 324 N.E.2d 566, 571–572. "Absent ambiguity, statutory language is not to be enlarged or construed in any way other than that which its words demand." *Kneisley v. Lattimer–Stevens Co.* (1988), 40 Ohio St.3d 354, 357, 533 N.E.2d 743, 746. "This maxim applies equally to administrative regulations." *State ex rel. Brilliant Elec. Sign Co. v. Indus. Comm.* (1979), 57 Ohio St.2d 51, 54, 11 O.O.3d 214, 216, 386 N.E.2d 1107, 1109. Moreover, a reviewing court must defer to an agency's interpretation of its own rules and regulations. *Ladd v. Ohio Counselor & Social Worker Bd.* (1991), 76 Ohio App.3d 323, 333, 601 N.E.2d 617, 623–624.

Ohio Adm.Code 4733–35–07(A) is clear and unambiguous: an engineer or surveyor must possess personal professional knowledge *and* direct supervisory control and responsibility of a project in order to "sign and/or seal professional work." Had the drafters of the rule intended the three criteria to be used in the disjunctive, the provision would read "or" where it reads "and." The undisputed evidence presented to the board, including Clark's admissions, other witness testimony and various documentation, supports the conclusion that Clark allowed his signature and seal to be placed on MLS's the existence of which he was completely unaware. Clark never reviewed these surveys and had no personal knowledge of, or direct supervisory control over, their production. Clark's unlicensed employees in Columbus and Painesville completed each step in the production of MLS's without contacting Clark in the Akron office. Only when

---

1. Clark argues that the board, in interpreting Ohio Adm.Code 4733–35–07(A) in a manner different from Clark, was required to give him prior notice of its interpretation in order to later charge Clark with a violation. That contention is rejected.

there was a problem or abnormality with the survey was Clark contacted. Clark was not typically aware of the production and sale of routine MLS's.

■ Accordingly, we cannot hold that the court of common pleas abused its discretion in finding that there was reliable, probative, and substantial evidence supporting the board's conclusion that Clark violated Ohio Adm.Code 4733–35–07(A) and R.C. 4733.20(A)(5).[2]

Clark's first assignment of error is overruled.

## B

"The common pleas court citing *Dempsey v. Chicago Title Insurance Company, Inc.* (1985) 20 Ohio App.3d 91 [*sic,* 90] [20 OBR 111, 484 N.E.2d 1064], in finding that the production of mortgage location surveys are [*sic*] governed by O.R.C. 4733 and O.A.C. 4733–38 and that the Board has jurisdiction in this case."

■ Pursuant to R.C. 4733.03, the State Board of Registration for Professional Engineers and Surveyors was created "to administer sections 4733.01 to 4733.23 of the Revised Code." Furthermore, the State Board of Registration may adopt those rules, regulations, and bylaws necessary to exercise its powers and perform its duties. R.C. 4733.07. It is elementary that anything falling within the practice of surveying is under the board's jurisdiction. "Practice of surveying" means "that branch of engineering which includes any professional service which requires the application of special knowledge of the principles of mathematics, the related physical and applied sciences, and the relevant requirements of law for the adequate performance of the art of surveying, including, but not limited to, measuring the area of any portion of the earth's surface, the lengths and directions of the bounding lines, and the contour of the surface, for their correct determination and description and for conveyancing for recording, or for the establishment or reestablishment of land boundaries and the platting of lands and subdivisions; and like measurements and operations involved in the surveying of mines, commonly known as 'mine surveying.' " R.C. 4733.01(F).

---

**2.** Pursuant to R.C. 4733.20(A), the board could properly suspend Clark's registration for "any one or more" of the charges against him. Because we hold the decision concerning Clark's violation of the code of ethics was proper, it is unnecessary for us, at this time, to also fully examine the charges of misconduct and aiding and abetting. Clark's registration could properly be suspended for the ethics violation alone.

We briefly note, however, that in light of the evidence presented to the board, it was also not an abuse of discretion to affirm the board's conclusion that Clark aided and abetted his employees in practicing surveying illegally. Substantial, reliable, and probative evidence exists supporting the board's determination. Clark admittedly allowed his employees to use his signature stamp and seal in producing MLS's which were generated without Clark's supervision or review. Clark's unlicensed employees were performing the role of registered surveyors.

The actions required to generate an MLS are those defined as the "practice of surveying," and thus are within the board's province. Moreover, the board has promulgated minimum standards for MLS's pursuant to its rulemaking powers. It is beyond question that the board has jurisdiction over the production of MLS's in the state of Ohio. Clark's argument to the contrary borders on frivolous.

Clark also contends that R.C. 4733.18(B)(1) and (4), which provide exemption from professional registration with the board and all the rules and regulations attendant thereto, give him the right to delegate to his employees all the duties and tasks required to produce an MLS, including affixing his seal and signature. R.C. 4733.18(B) states:

"The following persons are exempt from sections 4733.01 to 4733.21 of the Revised Code:

"(1) An employee or a subordinate of a person holding a certificate of registration * * *; provided the employee's or subordinate's duties do not include responsible charge of engineering or surveying work;

"* * *

"(4) This chapter does not require registration for the purpose of practicing professional engineering, or professional surveying by an individual, firm, or corporation on property owned or leased by that individual, firm, or corporation unless the same involves the public welfare or the safeguarding of life, health or property or for the performance of engineering or surveying which relates solely to the design or fabrication of manufactured products."

Because Clark did not argue that R.C. 4733.18(B)(1) provides an exemption for his actions to the court of common pleas, he cannot now raise the issue. Thus, we will confine our analysis to the exemption provided in R.C. 4733.18(B)(4).

Review of the record reveals uncontroverted evidence that the properties surveyed for MLS's were not owned or leased by Clark or his company, Bock & Clark. Additionally, the surveys did not relate to the design or fabrication of manufactured products. Rather, the surveys are informative documents used by mortgage lenders and title companies in determining property values. The trial court correctly overruled Clark's assignment of error based on lack of jurisdiction.

Clark's second assignment of error is overruled.

## C

"The common pleas court abused its discretion and erred by misunderstanding appellant's use of O.R.C. 4733.18, declining to apply it to the facts of this case and

to consider its existence as providing an inherent right to delegate certain tasks in the surveying profession."

In his third assignment of error Clark contends that R.C. 4733.18, discussed in Part B above, grants him the right to delegate to his employees the ability to affix his seal and stamp to MLS work produced by Bock & Clark. He cites no law in support of this contention and fails to explain how R.C. 4733.18 allows such delegation. Clark merely states that "[h]is belief has always been" that he has the right to empower his employees "to act on his professional behalf as long as guidelines for the production of professional work have been established by the professional." What Clark fails to recognize is that the crux of this case is not that he delegated certain tasks to his employees. but that he delegated the entire act of professional surveying, from beginning to end, without retaining any personal knowledge of, review of, or supervision over the work generated.

Clark permitted, encouraged, and even required unlicensed employees to conduct entire surveys, to engage in the practice of surveying, and to affix his seal and stamp *without Clark ever reviewing his employees' work prior to delivery to the customer.* As discussed in Part B above, R.C. 4733.18 does not provide Clark an exemption under the facts of this case.

Clark's third assignment of error is overruled.

## D

"The common pleas court abused its discretion and erred by not permitting additional evidence or necessary discovery regarding evidence that was discovered after the administrative proceedings were concluded."

In hearing an administrative appeal, the court of common pleas is confined to the record certified by the agency. R.C. 119.12. R.C. 119.12 further provides that "the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency." This court discussed the newly-discovered-evidence provision of R.C. 119.12 in *Diversified Benefit Plans Agency, Inc. v. Duryee* (1995), 101 Ohio App.3d 495, 501–502, 655 N.E.2d 1353, 1357, explaining:

" 'Newly discovered evidence refers to evidence that was in existence at the time of the administrative hearing but which was incapable of discovery by due diligence; however, newly discovered evidence does not refer to newly created evidence.' * * * In interpreting Civ.R. 60(B)(2), which is analogous to R.C. 119.12 as it pertains to newly discovered evidence, this court has held that the moving party has the burden of demonstrating:

" '(1) that the evidence was actually "newly discovered"; that is, it must have been discovered subsequent to the trial;

" '(2) that the movant exercised due diligence; and

" '(3) that the evidence is material, not merely impeaching or cumulative, and that a new trial would probably produce a different result.' " Quoting *Steckler v. Ohio State Bd. of Psychology* (1992), 83 Ohio App.3d 33, 38, 613 N.E.2d 1070, 1073–1074, and *Holden v. Ohio Bur. of Motor Vehicles* (1990), 67 Ohio App.3d 531, 540, 587 N.E.2d 880, 885.

 Clark moved the court of common pleas to admit the testimony of three witnesses as newly discovered evidence. Clark argued that Bruce Campbell, a registered surveyor, would testify as to the common interpretation among Ohio surveyors of the code provisions at issue. Clark also sought to introduce testimony by Timothy Stocker, a competing surveyor, that Stocker, and not former Bock & Clark employee Steve Stoltz, wrote the letter that initiated the investigation of Bock & Clark. Finally, Clark wished to introduce Stoltz's testimony about the letter as well. Rather than examining Stocker and Stoltz before the court, Clark requested that "their depositions be allowed to save the Court time and to permit counsel *to confirm the information as accurate or inaccurate.*" (Emphasis added.)

The newly-discovered-evidence provision of R.C. 119.12 is not a means for the appellant to conduct a fishing expedition. As to Stocker and Stoltz, not only did Clark fail to show that the *possible* evidence was newly discovered, he made absolutely no argument that he had been prevented from discovering the evidence although exercising due diligence. In addition to failing the first and second prongs of the *Holden* test, the Stocker and Stoltz evidence also fails the third prong. The identity of the author of the initial letter to the board is irrelevant. The letter could well have been anonymous. After receiving the letter, the board then investigated the matter and discovered, through proper investigation, the evidence used to charge Clark and ultimately to suspend his registration. The initial letter to the board possessed no evidentiary value. The letter did nothing more than provide the impetus for investigation; its author's identity matters not.

 Turning to the court's refusal to admit Campbell's testimony, it is clear that such evidence was not newly discovered. Campbell was one of many witnesses Clark sought to subpoena for testimony before the board. The board granted the state's motion to quash the subpoena, concluding that the testimony was of no probative value. Because the testimony called for Campbell, and other witnesses, to "offer legal conclusions or analyses that are, in the first instance,

the exclusive province of the Board," the board refused to permit the testimony.[3] Clark failed to argue, both to the court of common pleas and to this court, that Campbell's testimony was newly discovered, that he was prevented from discovering the evidence despite due diligence, and that the admission of the evidence would produce a different result. *Holden,* 67 Ohio App.3d at 540, 587 N.E.2d at 885.

Clark's fourth assignment of error is overruled.

## E

"The common pleas court abused its discretion and erred by not considering the following additional assignments of error that were incorporated in the appellant's brief under number 8 and on page 9 of said brief."

In his appellate brief to the court of common pleas, Clark's eighth assignment of error is framed as follows:

"8. All objections noted in the attached 'OBJECTIONS' brief are hereby incorporated into these assignments of error."

Clark attached to his appellate brief a copy of his objections to the hearing examiner's report and recommendation as filed with the board. Clark's objections list eight findings by the hearing examiner to which he objects.

In his appellate brief to the court of common pleas, Clark engages in little legal argument. After stating the standard of review, Clark sets forth in outline form seven "points" of error, such as:

"1. The State Board has ignored the statute that provides for exemption for employees;

"2. The board by definition in the code has no jurisdiction over MLS products by virtue of the definition of an MLS product and because the board only has jurisdiction over those matters that concern the public welfare;

"3. The State Board has incorrectly determined that Clark does not have 'responsibility' for MLS products produced under his direction;

"4. There is simply no basis for finding that Clark aided and abetted others in the practice of surveying."

With no further legal or factual analysis, Clark concludes his appellate brief and attempts to incorporate the errors and arguments discussed in his objections to the hearing examiner's report and recommendation, stating:

---

**3.** The content of Campbell's testimony as offered to both the board and the court was identical: his interpretation of the code, rules, and regulations.

"[T]he attached brief that was submitted to the board prior to the final order is critical in a further and full analysis of these matters and the undersigned respectfully requests that it be used to supplement the arguments contained herein."

While R.C. 119.12 provides guidance of a general nature as to administrative appellate procedure, we find it helpful to look to those rules of appellate procedure not in conflict with R.C. 119.12, or any local rules of court, for the resolution of procedural questions of a narrower scope. Such procedural short-cuts as those employed by Clark are unacceptable.[4] The court of common pleas, acting in an appellate role, is not required to address those issues not assigned as error and argued in the appellant's brief. See App.R. 12(A) and 16(A). The court of common pleas did not err in disregarding Clark's eighth assignment of error of his brief to the court of common pleas.

Clark's fifth assignment of error is overruled.

### III

Clark's five assignments of error are overruled, and the judgment of the court of common pleas affirming the suspension of Clark's registration as a professional surveyor is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and SLABY, J., concur.

---

4. We also note that Clark's brief to this court is in excess of the thirty-page limit contained in Loc.R. 13. Clark did not, as required by the rule, request an extension of the page limitation. Without such an extension, this court is not obligated to consider the content of an appellant's brief beyond the thirtieth page.