Appellant Husnia, Inc. dba Savliner Supermarket ("appellant") appeals from the trial court's order affirming the Liquor Control Commission's decision to revoke appellant's liquor permit. Appellant assigns the following errors for our review:
 I. WHERE THE LIQUOR CONTROL COMMISSION BASES ITS DECISION UPON THE CONSIDERATION, IN PART, OF INCOMPETENT EVIDENCE, IT IS AN ABUSE OF DISCRETION.
 II. THE TRIAL COURT'S FAILURE TO CONSIDER NEWLY DISCOVERED EVIDENCE WAS AN ABUSE OF DISCRETION.
Finding appellant's assignments of error to lack merit, the judgment of the trial court is affirmed.
 I.
On December 20, 1995, the Enforcement Division of the Ohio Department of Liquor Control issued a violation notice charging appellant with two violations of Ohio Adm. Code 4301:1-1-52, viz., allowing trafficking in food stamps and allowing sale of beer for food stamps.
On October 22, 1996, the Liquor Control Commission conducted a hearing on the charges against appellant. The Commission was presented with various exhibits, including the investigator's report from the underlying incident. In addition, the Commission heard testimony from Detective Ronald Ross of the Cleveland Police Department and Yaser Najjar, the owner and operator of Savliner Supermarket.
According to the investigator's report, the Cleveland Police Department had received numerous complaints alleging food stamp trafficking at Savliner Supermarket. On November 22, 1995, Detective Kevin Martin and a confidential informant entered Savliner Supermarket; the pair proceeded to purchase beer and a pack of cigarettes for Ten Dollars ($10.00) worth of food stamps from the employee at the cash register, Talesha Taylor. According to the investigator's report, Mr. Najjar was present in the store when Ms. Taylor accepted food stamps for beer and, in fact, observed the transaction.
Several police officers, including Detective Ross, entered the premises and arrested Ms. Taylor and Mr. Najjar. According to Detective Ross, Ms. Taylor informed the police officers that Mr. Najjar told her to accept food stamps for all purchases, including alcohol. During a search of the premises, the police officers seized One Thousand Three Hundred Twenty-Six Dollars ($1,326.00) in food stamps.[1]
At the hearing, Mr. Najjar admitted that an employee of the store, Ms. Taylor, sold beer in exchange for food stamps. However, appellant insisted that the transaction was merely an innocent mistake caused by Ms. Taylor's inexperience and a high volume of business. Mr. Najjar also acknowledged that he was in the store during the transaction; however, Mr. Najjar denied that he witnessed the illegal transaction. In addition, Mr. Najjar denied that he instructed Ms. Taylor to accept food stamps for the purchase of beer and wine, and asserted that Ms. Taylor had provided a statement confirming his story.
Subsequent to the hearing, the Liquor Control Commission issued an order revoking appellant's liquor permit effective December 4, 1996. The order was mailed to appellant on November 13, 1996. On December 2, 1996, appellant filed an appeal from the Commission's order in the Cuyahoga County Court of Common Pleas.
On April 16, 1997, appellant filed a motion requesting the admission of additional evidence. On June 18, 1997, the trial court denied appellant's motion requesting the admission of additional evidence. On February 23, 1998, after reviewing the administrative record and the briefs submitted by both parties, the trial court affirmed the Liquor Control Commission's order revoking appellant's liquor permit. Therefrom, appellant timely filed the instant appeal.
 II.
In its first assignment of error, appellant argues that the trial court erred in affirming the Liquor Control Commission's decision to revoke appellant's liquor permit.
R.C. 119.12 governs appeals taken from decisions of administrative agencies, including the Liquor Control Commission. Under R.C. 119.12, the common pleas court must affirm the decision of an administrative agency if, after reviewing the entire record and any additional evidence admitted by the court, the court finds that the agency decision is supported by reliable, probative and substantial evidence and is in accordance with law. Kennedy v.Marion Corr. Inst. (1994), 69 Ohio St.3d 20, 21-22. An agency's factual findings are presumed to be correct and must be deferred to by the trial court unless the court determines that the agency's findings are internally inconsistent, impeached by evidence of a prior inconsistent statement, rest on improper inferences, or are otherwise unsupportable. VFW Post 8586 v. Ohio Liquor Control Comm.
(1998), 83 Ohio St.3d 79, 81-82.
An appellate court's determination in an administrative appeal is limited to whether the trial court abused its discretion. SeeHawkins v. Marion Corr. Inst. (1990), 62 Ohio App.3d 863, 870. An abuse of discretion connotes not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. See Lorain City School Dist. Bd. off Edn. v. State Emp.Relations Bd. (1988), 40 Ohio St.3d 257, 260-261. Absent an abuse of the trial court's discretion, a court of appeals must affirm the trial court's judgment. Id.
The Enforcement Division of the Ohio Department of Liquor Control issued appellant a violation notice charging appellant with two violations of Ohio Adm. Code 4301:1-1-52. Ohio Adm. Code 4301:1 1-52 states in pertinent part:
 (B) prohibited activities: no permit holder, his agent, or employee shall knowingly or willfully allow in and upon his licensed permit premises any persons to:
* * *
 (5) Solicit for value, or possess, buy, sell, use, alter or transfer, or allow to be solicited, possessed, bought, sold, used, altered, or transferred for value USDA food stamps coupons, WIC program benefit vouchers, or other electronically transmitted benefits, in a manner not specifically authorized by the Food Stamp Act of 1977, or the Child Nutrition Act of 1966. A conviction or consent decree against the permit holder, its agent or employee for a violation of any of such acts constitutes evidence of a violation of this rule.
At the administrative hearing, Mr. Najjar admitted that an employee of Savliner Supermarket, Ms. Taylor, sold beer to an undercover police officer in exchange for food stamps. The Supreme Court of Ohio has supecifically upheld admission pleas before the Liquor Control Commission without any necessity for additional evidence. In Dept. of Liquor Control v. Santucci (1969), 17 Ohio St.2d 69,72, the court stated:
 When appellee admitted before the Commission the truth of the charges against him, it was equivalent to testimony on his part that those charges were correct, and accurately stated his wrongful and unlawful conduct. To hold that any additional testimony or evidence was necessary to support the charges would seem an unreasonable and unnecessary requirement.
Appellant insists that he did not admit the charges against him; this contention belies the record. Notwithstanding, we find that the evidence presented at the administrative hearing clearly demonstrated that appellant's employee sold beer in exchange for food stamps, in violation of Ohio Adm. Code 4301:1-1-52.252.[2] We find that the Liquor Control Commission was presented with reliable, probative and substantial evidence to support its order revoking appellant's liquor permit.
Appellant argues that the evidence presented at the hearing was inadmissible and incompetent to support the Liquor Control Commission's order. In particular, appellant claims that the investigator's report was not admissible because it was "replete with hearsay."[3]
Administrative agencies generally are not bound by the strict rules of evidence applied in court. See Two N, Inc. v. Ohio LiquorControl Comm. (Apr. 2, 1998), Cuyahoga App. No. 73271, unreported. However, an administrative agency should not act upon evidence which is not admissible, competent, or probative of the issues to be determined. Haley v. Ohio State Dental Rd. (1982), 7 Ohio App.3d 1, 6.
The hearsay rule is relaxed in administrative proceedings, but the discretion to consider hearsay evidence cannot be exercised in an arbitrary manner. Haley, at 6. Moreover, law enforcement investigation reports are generally admissible under Evid.R. 803 (8) (the public records and reports exception to the hearsay rule).[4]
The rationale behind permitting such evidence is that such routine reports have a very high indicia of reliability. Finally, we note that appellant failed to object to the admission of the investigator's report at the administrative hearing. In State v.Keenan (1998), 81 Ohio St.3d 133, 142, the Supreme Court of Ohio stated that hearsay challenges are waived if not objected to during the subject proceedings.
We find that the evidence presented at the administrative hearing was admissible, competent and probative; moreover, the evidence supports the Liquor Control Commission's decision. Therefore, the trial court did not abuse its discretion in affirming the Commission's decision to revoke appellant's liquor permit. Appellant's first assignment of error is overruled.
 III.
As for its second assignment of error, appellant claims that the trial court abused its discretion by denying appellant's motion requesting the admission of additional evidence.
R.C. 119.12 provides, in pertinent part:
 Unless otherwise provided by law, in the hearing of the appeal, the court is confined to the record as certified to it by the agency. Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency.
The decision to admit additional evidence pursuant to R.C.119.12 lies within the sound discretion of the trial court. SeeN.R., Inc. v. Liquor Control Comm. (1996), 113 Ohio App.3d 198, 207. However, the trial court may exercise this discretion "only after the court has determined that the evidence is newly discovered and that it could not with reasonable diligence have been ascertained prior to the agency hearing." See Cincinnati City School Dist. v.State Rd. Off Edn. (1996), 113 Ohio App.3d 305, 317. Moreover, the court must find that the evidence is material, not merely impeaching or cumulative. See Clark v. State Bd. of Registration forProfessional Engineers Surveyors (1997), 121 Ohio App.3d 278, 288.
Newly discovered evidence refers to evidence that was in existence at the time of the administrative hearing but which was incapable of discovery. Clark, at 287. Newly discovered evidence does not refer to newly created evidence. Id. In the instant case, appellant failed to demonstrate that its additional evidence was newly discovered evidence.
Appellant requested that the trial court admit the following additional evidence: (1) the affidavit of Ms. Taylor, the employee who accepted foods stamps for beer; (2) the testimony of Ms. Taylor; and (3) the testimony of Rebecca Maleckar, the assistant prosecuting attorney who pursued criminal charges against Mr.Najjar.
According to appellant, during the pendency of Mr. Najjar's criminal case, his counsel inexplicably gave Ms. Maleckar the only signed and executed copy of a statement provided by Ms. Taylor. In her statement, Ms. Taylor claimed that she inadvertently accepted food stamps in exchange for beer because the store was busy. Ms. Taylor further stated that Mr. Najjar did not instruct her to accept food stamps in exchange for alcohol.
Appellant asserts that Ms. Maleckar lost the only signed and executed copy of the statement.[5] In addition, appellant asserts that it was unable to locate Ms. Taylor because she had moved prior to the administrative hearing. Therefore, appellant contends that it was unable to present Ms. Taylor's testimony or her statement during the hearing.
At the administrative hearing, appellant failed to present any evidence aside from Mr. Najjar's testimony. Appellant did not utilize an unsigned copy of Ms. Taylor's statement; appellant did not call Ms. Maleckar as a witness. In addition, this court is not satisfied that appellant made reasonable efforts to locate Ms. Taylor and secure her testimony at the administrative hearing. We note that Ms. Taylor continues to reside in the Cleveland area, and appellant was able to locate her after it filed the underlying complaint.
We find that the trial court could have reasonably concluded that appellant's additional evidence was not newly discovered evidence. Accordingly, the trial court did not abuse its discretion in denying appellant's motion requesting the admission of additional evidence.
Appellant's second assignment of error is overruled. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. and KENNETH A. ROCCO, J. CONCUR.
 ___________________________________ LEO M. SPELLACY JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E)unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S.Ct.Prac.R. II, Section 2 (A) (1).
[1] In an affidavit submitted to the trial court, Mr. Najjar acknowledged that the sale of beer and wine constituted a significant percentage of the store's business.
[2] The evidence at the administrative hearing included: (1) the liquor investigator's report; (2) the testimony of Detective Ross; and (3) the testimony of Mr. Najjar.
[3] Appellant also challenges the testimony of Detective Ross; appellant contends that it was not provided with an opportunity to cross-examine the witness. However, the record does not support this contention.
[4] Evid.R. 803 (8) provides an exception to this hearsay exception; under the rule, police reports containing "matters observed by police officers and other law enforcement personnel" are not admissible in criminal cases. Evid.R. 803 (8). This exception to the rule does not prevent its application in the instant case because an appeal of the administrative revocation of a liquor permit is civil in nature, not criminal.
[5] However, we note that appellant attached an unsigned copy of Ms. Taylor's statement to its motion requesting admission of additional evidence.